35 U.S. 411 (____)
10 Pet. 411
*THOMAS STANLEY, APPELLANT,
v.
JOHN GADSBY, ALEXANDER M'INTYRE, AND GEORGE CONER, EXECUTORS OF JAMES WALKER, DECEASED, AND JAMES RHODES.
Supreme Court of United States.

The case was submitted to the court without argument, by Mr. Swann, for the appellants; and by Coxe, for the appellees.
Mr. Justice WAYNE delivered the opinion of the court.
This is an appeal from the circuit court of the United States for the District of Columbia, and for the county of Washington.
*The complainant alleges, that he borrowed a sum of money [*522 from James Walker, at usurious interest; and that to secure the payment of it he executed a deed of trust upon his house and lot, in Washington, to the defendant, James Rhodes; in which he covenanted, if default should be made in the repayment of the loan at the stipulated time, that the trustee, Rhodes, shall, upon the request of said James Walker, or his executors, administrators or assigns, sell the premises to the highest bidder, and convey the same to a purchaser *412 in fee simple: notice of the sale being given, of the time of sale, in the way mentioned in the deed of trust. He further complains, that the executors of Walker have directed Rhodes to proceed to a sale of the house and lot; that he had advertised them for sale: and he admits, that he had not repaid the money borrowed. The complainant seeks no discovery of the usury from the defendant; but avers that he will be able to prove it by competent testimony, and waives all penalties, to which he may be entitled, to arise out of this transaction. He prays for an injunction to prevent the sale of the property by the trustee, until the question of usury shall be decided at law: but does not ask the court to aid in any way as auxiliary to any case pending at law.
This then is substantially an application for relief from usury; and the consequence of granting the injunction would be relief upon terms at variance with the rule of equity, so fully recognized at this term of the court, in the case of Brown v. Swann et al.; that he who seeks the aid of equity, to be relieved from usury, must do equity by paying the principal and legal interest upon the money borrowed. The complainant does not offer to do so in his bill. This is essential to every such application in a court of equity: first, to give the court jurisdiction, and to enable the chancellor, if he thinks proper to do so, to require the payment of principal and interest before the hearing of the cause. The relief sought in such cases is an exemption from the illegal usury. The whole inquiry on the hearing is to establish that fact, and to give relief to that extent. Whenever then a complainant does not comply with the rule, by averring in his bill his readiness or willingness to pay principal and interest; he can have no standing in a court of equity.
The decree of the circuit court is affirmed.
This cause came on to be heard on the transcript of the record *523] *from the circuit court of the United States for the district of Columbia, holden in and for the county of Washington, and was argued by counsel; on consideration whereof, it is decreed and ordered by this court, that the decree of the said circuit court in this cause be, and the same is hereby affirmed with costs.