## BROWN v. FOSTER.

1. APPEAL—EXCLUSION OF TESTIMONY.—As matter of right, an appellant cannot call upon this court to review a ruling of the trial judge excluding proposed testimony, where the ground of exclusion is not made to appear.

2. PARTNERSHIP—DISSOLUTION—OPINION—EVIDENCE.—The question at issue being whether notice of the dissolution of a partnership was brought to the knowledge of plaintiff, testimony by a witness, that the fact of dissolution was generally known in the community, called for the expression of an opinion, and was, therefore, incompetent.

3. TRANSACTIONS WITH DECEASED—CROSS-EXAMINATION.—An administrator, party to the action, having proved by his own witness transactions and communications with the intestate, he cannot object to the competency of this same witness, on the ground of interest, to prove on cross-examination other transactions of witness with the deceased.

4. CHARGING JURIES.—The trial judge committed no error in stating to the jury testimony delivered by witnesses, nor in inadvertently naming the intestate instead of his administrator.

5. PARTNERSHIP—NOTICE OF DISSOLUTION.—Where a secret partner procures credit for the partnership on his statement of his connection therewith, then, in the absence of published notice, special notice must be given to this creditor of dissolution by the withdrawal of this partner from the business, to exempt this retiring partner from liability for future credit extended by this same creditor to the same house.

6. IBID.—IBID.—AGENT—CHARGING JURIES.—In charging that notice of dissolution of the partnership given to selling clerks of plaintiff, a merchant, was not notice to plaintiff, the trial judge committed no error. If defendant desired a charge as to the effect of notice given to plaintiff's business manager, he should have so requested.

7. APPEAL.—The form of judgment entered up against an administrator cannot be considered by this court, except by appeal from some ruling thereon made on Circuit.

Before NORTON, J., Spartanburg, January, 1893.

Action by R. R. Brown against J. M. Foster and J. W. Foster, as partners, and after the death of J. W. Foster, revived against J. M. Foster as administrator. The action was commenced June 22, 1891.

*Messrs. Carlisle & Hydrick*, for appellant.

*Messrs. Johnson & Thomason*, contra.

March 20, 1894. The opinion of the court was delivered by

MR. JUSTICE POPE. Judgment having been entered against both defendants upon the verdict of a jury, on the trial of an action for the recovery of a money demand by plaintiff against such defendants, in the Court of Common Pleas for Spartanburg County, in this State, in and for the sum of $144.16, the defendant, J. R. Foster, as administrator of Jones W. Foster, deceased, now appeals therefrom.

In his first ground of appeal he imputes error to the Circuit Judge for ruling, at the trial, that it was not competent for one of appellant's witnesses, J. M. Foster, to testify that it was generally known that Jones W. Foster had sold out his interest in the distillery after he had done so. From the "Case" here it appears that defendants' attorneys had partially propounded the foregoing question to the witness, J. M. Foster, after the cross-examination had been finished, when plaintiff's attorney objected, which objection was sustained by the court, because not competent. In the argument before us, it is stated that the judge overruled the right of witness to answer, on the ground that it was not competent to prove that it was generally known in the town of Cowpens, where plaintiff resided and carried on his business as a merchant, that Jones W. Foster had sold out his interest in the distillery, formerly owned by the defendant, J. M. Foster, and the said Jones W. Foster, prior to July, 1889. This is rather broadly stating the question

partially propounded to the witness. Indeed, we ought to say that, strictly, the appellant is not entitled to have this court consider any matters involved in this exception.

They do not appear in the "Case," and we have frequently admonished counsel that we must rely upon the "Case" *itself* to disclose to us the matter complained of. The appellant here should have moved the court to have his question fully stated before any objection to it was considered. In this instance, we are not forced to conclude whether the Circuit Judge meant to declare the question incompetent, because asked in reply, and not responsive to anything brought out on the cross examination, or whether, on the other hand, he meant to exclude it as a matter of hearsay or opinon. A moment's reflection will satisfy counsel that there is substance in this criticism of their methods. However, under the circumstances, we will not press this difficulty, contenting ourselves with having pointed out this error in practice.

The practical answer to the question here presented involves a statement of the facts of this controversy. It seems that, in 1887, Jefferson M. Foster and Jones W. Foster owned and operated a distillery in Rutherford County, in the State of North Carolina, which business was conducted in the name of J. M. Foster. The connection of Jones W. Foster with this enterprise was kept secret. In March, 1889, the plaintiff here, through his business manager, Ephraim Potter, contracted with Jones W. Foster to furnish him corn and corn meal from the store of the plaintiff for such distillery, and it was in this way the debt sued for was contracted. Jones W. Foster insisted that the fact of his partnership, &c., should be kept secret. The indebtedness of the distillery with the plaintiff was entered on his books in an account against J. M. Foster. The indebtedness ran as high as $300 during the year 1889, but was reduced to the amount in verdict by sundry payments, many of which were made by Jones W. Foster. Finally the plaintiff sued the partnership of J. M. Foster and Jones W. Foster, for the recovery of the amount still due on account. J. M. Foster made default, but Jones W. Foster, in his answer, denied everything, partnership and all. Jones W. Foster

having died in 1891, after his answer, during the same year the defendant, J. R. Foster, as his administrator, was made a party, and as such adopted the answer of his intestate.

At the trial, after plaintiff had offered testimony to prove the account, the partnership, and the fact of Jones W. Foster being a secret partner, the defendant sought to prove, by testimony, that, although his *intestate* had once been a partner, that in October, 1888, he sold by deed, on a credit, his interest in such firm to one H. Z. Hicks. To avoid the effect of the secret connection as partner with such firm, he introduced witnesses to prove direct notice in March and July, 1889, to the plaintiff of the dissolution of such firm of J. M. and Jones W. Foster; and when J. M. Foster was on the stand, as a witness for defendant, he sought to bring notice of such dissolution to plaintiff by asking this witness if the fact of such dissolution was not generally known in and about Cowpens.

This brings us squarely to the point raised: Was such testimony competent? It certainly belongs to the class known as opinions based upon hearsay, and it may be said that more mischief to society lies coiled up in this class of testimony than nearly any other, and for this reason, from the earliest organizations of courts of justice, such testimony has been regarded with the closest scrutiny. To allow the answer to this question, would enable this witness to give his opinion as to what would constitute a general knowledge by others of a fact, and then, too, to state that such fact existed. Have not at least two decisions of this court been addressed to a solution of the competency of such testimony—the cases of *Sexton* v. *Hollis*, 26 S. C., 235-6, and *Alexander* v. *Gossett*, 29 *Id.*, 423? It is true, both of those cases, so far as the rule of evidence now being considered was concerned, related to title to real estate, yet there is nothing which prevents the application of the same principle there announced to the case at bar. It is nothing after all but the inadmissibility of testimony known as hearsay. The language of the court in *Sexton* v. *Hollis, supra*, on this point was: "Common repute is nothing more than the prevailing belief in a certain community, and to allow that to be adduced as evidence upon an issue of title, would be to sub-

stitute the belief or opinion of the community for that of the jury called on to pass upon such issue. The question is, what do the jury believe? and not, what is the generally received opinion in the neighborhood? and the belief of the jury must be formed from the legal and competent testimony adduced in the case."

In the case at bar, the point aimed at was to convince the jury that Brown, the plaintiff, had notice of the withdrawal of Jones W. Foster from the firm before March, 1889. Anything which would assist the jury in coming to a conclusion, either that he had or had not such notice, was competent. How would the *opinion* of this witness, as to a general knowledge of this fact by the community at Cowpens, assist the jury? How could the jury, after being put in possession of such opinion of the witness, test its accuracy? Proof that twenty people out of an entire population of twenty-five, for instance, had heard such a report, might lead a jury to draw some inference of notice, but the expression of an *opinion* of a witness that twenty of such population had heard this report, would not. Nor does this class of hearsay fall within the well regulated exceptions to the rule declaring such testimony incompetent, namely, cases of pedigree, of prescription, of custom, and in some cases of boundary, and, also, matters of general and public history. *Sexton* v. *Hollis, supra; Mima Queen* v. *Hepburn,* 7 Cranch, 290; *Ellicott* v. *Pearl,* 10 Pet., 412; *Hopt* v. *Utah,* 110 U. S., 574. While we have been greatly interested in the admirably prepared argument of the appellant in the case at bar, we have been unable to reach his conclusions in this matter.

The second exception of appellant is concerned with the allowance of the testimony of the witness, H. Z. Hicks, where he testified as to the alleged agreement of said witness and Jones W. Foster as to the purchase by the former of the latter's interest in the distillery in question, said witness being (it is alleged) interested to throw the liability to pay plaintiff's account upon the estate of Jones W. Foster, deceased. While section 400 of our Code is very strict in forbidding the reception of certain testimony, yet it in terms provides that if the administrator shall once let down the gap through which

such testimony is admitted at his instance, the other side is no longer under any restrictions thereto. An examination of the "Case" shows that this was defendants' witness, and as such he had testified as to both communications and transactions of the witness with Jones W. Foster; surely, then, it was perfectly competent on the cross-examination of this witness to get from him the whole truth. It is too late now for the appellant to complain. And in keeping with the foregoing, and falling directly under the same view, is appellants' third exception.

Having now disposed of the exceptions relating to testimony, we will next consider those relating to the judge's charge. The fourth exception imputes error to the judge for using this language in his charge: "In the testimony adduced by the defendant, Jones W. Foster, he alleges that Jones W. Foster was once a partner of the firm known by the firm name of J. M. Foster. He alleges that he sold out his interest in the concern; that one Hicks, I believe, became the purchaser, and that the plaintiff here had notice of his retirement from the firm." Critical accuracy might have induced the Circuit Judge to use the name of the administrator who was substituted for Jones W. Foster as a defendant instead of the name of the intestate. Substantially, however, there was no error by the judge, for what he described in his charge is exactly what occurred at the trial. And of the same character is the exception *five*, which alleges error to the Circuit Judge in stating: "Now, gentlemen, the defence is that there was a retirement by Jones W. Foster from the firm, and that notice of this retirement was given to the plaintiff here." So, too, in exception 6, error is imputed to the Circuit Judge in saying to the jury: "One of the witnesses said that there had been previous dealings between the plaintiff and the defendant, while the firm of J. M. Foster consisted of the persons of J. M. Foster and J. W. Foster was admittedly in existence." There was no error here, for such was the testimony of defendants' own witness, J. M. Foster.

In the seventh exception it is alleged that the Circuit Judge erred when he charged the jury: "If you believe that to be true (*i. e.*, the statement contained in the last ground of appeal above), then special notice was necessary to be

given to the plaintiff of the dissolution of the firm and of the retirement of Jones W. Foster, before he would cease to be liable for debts contracted by J. M. Foster for the business in which he was engaged at that time for the distillery." When this charge is construed in the light of the testimony that the partnership of J. M. Foster and Jones W. Foster was a secret one, so far as the latter is concerned, and that no public notice was given of the dissolution of said firm, it was necessary that special notice should have been given the plaintiff, in order to release the estate of Jones W. Foster from debts contracted by the firm on the direct responsibility and direction of said Jones W. Foster.

In the eighth exception complaint is made that the Circuit Judge erred in charging thus: "I charge you that it is necessary to bring the notice home to the plaintiff, and that notifying his clerk of the fact of dissolution would not be sufficient to avoid the liability of Jones W. Foster, if he had then in fact retired from the partnership, unless it was brought home to the plaintiff." The testimony of one of the defendants' witnesses, J. C. Burton, stated that he told two young men, Bill Potter and Landrum Brown, who were selling goods for the plaintiff, that "he had come there after goods for J. M. Foster & Co.," and that "he thought old man Jones Foster had sold out to H. Z. Hicks." Another witness said in July, 1889, he told Ephraim Potter, who was business manager for the plaintiff, that Jones Foster was out of the business. In regard to the statements of the first witness made to the two clerks of the plaintiff, it would not in law be construed to be any notice to the plaintiff, and this was the only statement made to any clerk of the plaintiff. As to the declarations of the second witness, made in July, 1889, after a part of the goods had already been sold, if it applied at all as giving notice, it could not be construed as giving notice retrospectively. But Ephraim Potter was not a clerk; he was business manager. The charge does not relate to him. If the appellant had desired an expression from the Circuit Judge, he ought to have asked for it, and this he did not do. We cannot help him out of his dilemma.

As to the ninth exception, relating as it does to the form of the judgment entered up by plaintiff, it seems to us the appellant cannot ask this court to pass upon a matter never submitted to a Circuit Judge. In law cases we sit to correct errors of law of the court below, and not to hear original questions here presented for the first time.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.