[No. 13648. Department One. February 7, 1917.]

THE STATE OF WASHINGTON, *Respondent*, v. MIKE SPISAK, *Appellant*.[1]

WITNESSES—IMPEACHMENT—CORROBORATION—INCONSISTENT STATE-MENTS. Where the accused was impeached by the testimony of the sheriff that, at the time of his arrest, he had made inconsistent statements, a basis is made for argument to the jury that his testimony, was a recent fabrication; hence, on rebuttal, accused is entitled to corroborate his testimony by showing that he made other statements consistent therewith on the day of his conversation with the sheriff.

Appeal from a judgment of the superior court for Grays Harbor county, Sheeks, J., entered January 31, 1916, upon a trial and conviction of assault in the second degree. Reversed.

*W. H. Abel* and *A. Emerson Cross*, for appellant.

*J. E. Stewart, O. M. Nelson,* and *J. M. Phillips*, for respondent.

MORRIS, J.—Appeal from a conviction of assault in the second degree. The error urged is in the refusing to admit testimony offered by appellant as to a conversation had with T. H. McKay concerning the shooting charged as the assault.

The record shows this: Appellant testified that Winslow, the complaining witness, was beating his (appellant's) son;

[1]Reported in 162 Pac. 998.

that appellant three times demanded that Winslow stop, and when he refused to do so, appellant shot in order to scare Winslow. Upon cross-examination, counsel for the state laid the foundation for appellant's impeachment by asking him if he did not, at the time of his arrest, tell the sheriff a different story concerning the affair. This was denied. Anticipating the impeachment, counsel for the defense then offered to prove by appellant that, subsequent to the purported conversation which it was contended he had with the sheriff, but on the same day, appellant appeared before McKay for the purpose of obtaining a bail bond, and at that time made statements to McKay concerning the shooting substantially the same as those related by him upon the witness stand. This offer was denied. The state then produced the sheriff, who testified that appellant, at the time of his arrest, told him that Winslow was shooting at his son; that two or three shots were fired, and upon Winslow's refusal to stop shooting at appellant's command, he shot at him. Upon surrebuttal, the testimony of both appellant and McKay as to what was said to McKay was again offered and again denied.

Four cases from this jurisdiction are relied upon in support of the contention that the offered testimony was admissible. The first of these is *State v. Manville*, 8 Wash. 523, 36 Pac. 470. In that case, Manville was convicted of murder and appealed. During the progress of the trial, appellant called one Hartsock, who testified that Conboy, a witness for the state, had made a statement to him the day after the tragedy occurred concerning the manner in which the shooting was done, which statement was at variance with a material point in Conboy's testimony. The state, in rebuttal, introduced three witnesses who testified that the statement made by Conboy to Hartsock was substantially the same as the statement made by him on the witness stand. Appellant alleged error in the admission of the testimony of the three witnesses to corroborate Conboy, contending that the testimony of a witness cannot be sustained by showing that his

testimony corresponds with statements that he had previously made, citing *Ellicott v. Pearl*, 10 Pet. 412. In discussing the alleged error, the court said:

"While the general doctrine announced in that case [*Ellicott v. Pearl*], and which is, no doubt, a correct doctrine, sustains appellant's contention, the exception made to the general rule is as plainly enunciated as the rule itself, and the case at bar falls squarely within the scope of the exception instead of the rule."

The *Ellicott* case is then quoted from as follows:

" 'Where parol proof,' says Justice Story, who rendered the opinion of the court in that case, 'has been offered against the testimony of a witness under oath, in order to impeach his veracity, establishing that he has given a different account at another time, we are of opinion that, in general, evidence is not admissible, in order to confirm his testimony to prove that at other times he has given the same account as he has under oath; for it is but his mere declaration of the fact; and that is not evidence. His testimony under oath is better evidence than his confirmatory declarations not under oath; and the repetition of his assertions does not carry his credibility further, if so far, as his oath. We say in general, because there are exceptions; but they are of a peculiar nature, not applicable to the circumstances of the present case, as where the testimony is assailed as a fabrication of recent date, or a complaint recently made; for there, in order to repel such imputation, proof of the antecedent declaration of the party may be admitted.' "

This court thus approved of the general rule announced in the *Ellicott* case and the exception therein mentioned, namely, that testimony assailed as a recent fabrication may be corroborated by showing prior consistent statements. As further showing the exception was adopted, the court continues:

"The defendant in this case assailed the testimony of Conboy as a fabrication. That was the object of Hartsock's testimony, to make it appear to the jury that at first Conboy had told the truth, but that subsequently he had fabricated the statement which he made under oath."

The next case is *State v. Coates*, 22 Wash. 601, 61 Pac. 726. There the appellant, Coates, was convicted of burglary. To obtain the conviction, the prosecution relied almost entirely upon the testimony of one Kauffman, an accomplice of appellant, who detailed with particularity appellant's part in the crime with which he was charged. In contradiction of Kauffman's testimony, appellant offered the testimony of five police officers to the effect that Kauffman had been "sweated" and a confession of the burglary with which appellant was charged obtained. In this confession Kauffman said he was the only one engaged in the burglary, and in no way, at that time, implicated appellant. Upon rebuttal, the state called one Hobart to prove that Kauffman had made the same statement implicating appellant as he testified to on the trial. In passing on the admissibility of this evidence, the court said, at page 618:

"The court ruled that, inasmuch as Kauffman's statements on the trial had been impeached by showing that he had made different statements before the trial, the prosecution had the right to introduce sustaining statements made before the trial. Was this error? We think not."

The next case is *Callihan v. Washington Water Power Co.*, 27 Wash. 154, 67 Pac. 697, 91 Am. St. 829, 56 L. R. A. 772. That was an action for damages for personal injuries, and an appeal from a verdict in favor of the company. The injury was alleged to have occurred on one of defendant's cars, which was denied. Upon the trial, defendant's conductor testified that plaintiff was not a passenger. To corroborate this testimony, defendant introduced the conductor's trip report showing the number of passengers carried on the trip in question, and whether they paid by cash fare or transfer. Plaintiff contended the evidence was self-serving and inadmissible, and in passing upon the question, this court said:

"Another exception to the rule is that, if a witness be impeached by proof of his having previously made statements

that were in contradiction of evidence tending to show that the witness's account of the transaction was a fabrication of recent date, it may be shown that he gave a similar account, before its effect and operation could be foreseen. It must appear from the testimony in this case that the account given in the report would tend to show that the account given by the witness at the trial was not a fabrication of recent date."

The last case is *Conover v. Neher-Ross Co.*, 38 Wash. 172, 80 Pac. 281, 107 Am. St. 841. That was also a personal injury action. Plaintiff recovered a verdict, and defendant appealed. The court said:

"It is argued that the court permitted evidence as to self-serving declarations of respondent. Appellant had introduced evidence to the effect that respondent said, soon after the accident, that it occurred through his own fault and carelessness. In rebuttal, respondent produced two witnesses who were permitted, over objection, to testify as to statements made by respondent. The undoubted theory which appellant sought to impress upon the jury was that respondent's testimony at the trial was a recent fabrication. The testimony it had offered would naturally lead to that belief in the minds of the jury. The two witnesses, whose testimony is not criticized, testified in rebuttal as to statements made by respondent at the surgeon's office, soon after the accident. Whether the statements made under the influence of suffering, so soon after the injury, were a part of the *res gestae* is not discussed by respondent, but, if they were not, we believe the testimony came within the rule discussed in *State v. Manville*, 8 Wash. 523, 36 Pac. 470, which is to the effect that, when testimony is assailed as a fabrication of recent date, the imputation may be repelled by proof of the antecedent declarations of the party. The testimony was properly admitted."

An examination of the briefs in that case show that, as here, there was no contention disclosed in the record that the proof of prior inconsistent statements was made for the purpose of showing a recent fabrication. It also appears from the briefs that the fact that it was sought to prove a recent fabrication on the part of plaintiff was strenuously denied by defendant, who offered the evidence of prior inconsistent

statements. The following is taken from page 51 of appellant's brief:

"The counsel for plaintiff (respondent) attempted to avail himself of the case entitled *State v. Manville*, in 8 Wash. 525, on the ground that evidence had been introduced on the part of the defendant to the effect that plaintiff's narration of the facts given on the stand was of recent fabrication. We submit to this court that there is nothing in the case showing any such contention on the part of the defendant. Our contention was that the plaintiff, shortly after the accident, had acknowledged to more than half a dozen witnesses that the accident had occurred through his own fault and carelessness, and the defendant produced those witnesses upon the trial, who testified to the admissions of the plaintiff that the accident had occurred through his own fault and carelessness. No reference was made either in defendant's testimony or by defendant's counsel during the course of the trial, or in the opening statement to the jury as to when, if at all, the testimony of the plaintiff was fabricated. The 'recent fabrication' theory was the suggestion of plaintiff's counsel."

Regardless of this contention by defendant, this court said that "the undoubted theory which appellant sought to impress upon the jury was that respondent's testimony at the trial was a recent fabrication."

From these citations it is clear that this state is committed to the rule that evidence of prior consistent statements is admissible when testimony is assailed as a recent fabrication, and that it is so assailed when it is susceptible of such attack before the jury. This must be accepted, although from a close reading of the *Manville*, *Coates* and *Callihan* cases, it is evident that the conclusion reached in each case was not altogether dependent upon the "recent fabrication" rule.

The prosecuting attorney, in the instant case, strongly contends that his impeaching evidence was not offered to show a recent fabrication. The same contention was made in the *Conover* case, but this court will have to say, if its prior holdings are followed, that the introduction of this testimony of the sheriff furnished the basis of an argument to the jury

that appellant's testimony was a recent fabrication. We hold that the testimony of appellant and McKay as to the statement made by appellant to McKay was admissible, and that its exclusion was prejudicial error.

The judgment is reversed, and the cause remanded with instructions to grant a new trial.

ELLIS, C. J., PARKER, MAIN, and CHADWICK, JJ., concur.