[No. 19661. Department One. May 15, 1926.]

JAMES RUSSELL, *Respondent,* v. DOMINICK CAVELERO *et al., Appellants.*[1]

[1] WITNESSES (127)—CORROBORATION—PREVIOUS CONSISTENT STATEMENTS. Where a witness is impeached by contradiction of his statements and by proof that his story was a recent fabrication, it is admissible to show that he had previously made similar statements out of court.

[2] APPEAL (385)—ERROR INVITED BY PARTY COMPLAINING—ESTOPPEL TO ALLEGE. The inadvertent drawing out of inadmissible facts upon cross examining a witness does not estop the party from claiming error in the opposite party's producing other witnesses to give similar inadmissible testimony.

Appeal from an order of the superior court for Snohomish county, Alston, J., entered July 10, 1925, upon an order granting a new trial to the plaintiff after the verdict of a jury in favor of the defendants, in an action for personal injuries. Affirmed.

*O. T. Webb* and *Coleman & Fogarty,* for appellants.

*G. F. Vanderveer,* for respondent.

[1]Reported in 246 Pac. 25.

FULLERTON, J.—In this action the respondent, Russell, sought to recover against the appellants, Cavelero, for personal injuries. The respondent, at the time of receiving the injuries, was in the employ of the appellants as a farm hand. He was working in the hay-mow of the appellants' barn, mowing hay brought therein by a derrick fork. The hay-mow was of considerable size, and near its center was a perpendicular chute, made of lumber, three and one-half by four feet in size, extending from near the lower floor of the barn upwards through the floor of the hay-mow to a height of about thirteen feet above the floor. The distance from the top of the chute to the lower floor of the barn was some twenty-four feet. The purpose of the chute was to carry hay from the mow to the lower floor, when needed to feed farm-stock stabled in the barn on such floor.

The respondent alleged in his complaint, and the evidence in his behalf given at the trial tended to show, that, at the time he was directed to work in the mow, the mow was filled with hay to a height above the chute, the top of which was covered with a layer of hay; that he was not informed, and did not know, of the existence of the chute; and that, while engaged in his work, he stepped onto the hay covering the chute, broke through and fell to the lower floor of the barn. The appellants' version of the accident was that the respondent's injuries were the result of his own careless and negligent act. Their evidence tended to show that the respondent was in the mow for purposes of his own, not for any purpose connected with his employment, and that, in descending therefrom, he did not take the usual way provided for that purpose, but jumped down through the chute. Their evidence also tended to show that the respondent had been in the mow a number of times prior to the time he received

his injuries, and, in descending therefrom, had not only jumped through the chute, but had jumped from the door of the mow to the ground, a distance of some fifteen feet, and this after he had been warned of the dangers of such a practice.

After receiving his injuries, the respondent was taken to a hospital, and while there was visited by one of the appellants, by members of their family, and by others. These persons were called as witnesses for the appellants and testified that the respondent, talking to them concerning his injuries, said that it was the result of his own fault. In rebuttal, the respondent called a witness and questioned him concerning statements made by the respondent as to the manner in which the accident happened. The court sustained objections to the questions, whereupon the respondent offered to prove by the witness on the stand, and by another then in attendance on the court, that, prior to the time alluded to by the appellants' witnesses, the respondent had stated to them that he was injured by falling through the hay-chute; that he did not know it was there; and that it was covered at the time with hay. The court rejected the proffered testimony, and the cause was submitted to a jury who returned a verdict for the appellants.

The respondent, after the return of the verdict, moved for a new trial, setting up, among other grounds, the rejection of the proffered testimony. The court granted a new trial on this ground alone. The appeal before us is from the order granting the new trial.

[1] It is a general rule, recognized by this court and in most of the American jurisdictions, that the testimony of a witness cannot be bolstered up or supported by showing that he had made statements out of court similar to and in harmony with his testimony on

the witness stand. In *State v. Braniff,* 105 Wash. 327, 177 Pac. 801, we stated the general rule, quoting from 10 R. C. L. 960, as follows:

"Statements made by a witness to other persons are no exceptions to the hearsay rule . . . Nor can evidence of what a witness has said out of court be received to fortify his testimony. It violates a first principle in the law of evidence to allow a party to be affected, either in his person or his property, by the declarations of a witness made without oath. And, besides, it can be no confirmation of what the witness has said on oath to show that he has made similar declarations when under no such solemn obligation to speak the truth."

But many of the courts recognize, and we have recognized, an exception to the rule. When a witness is impeached by showing that he has made statements concerning the event to which he testifies at the trial contradictory of his evidence there given, and the impeaching testimony is of such a nature as to indicate that his testimony is a fabrication of recent date, proof of antecedent statements of the witness consistent with his testimony may be introduced. *State v. Manville,* 8 Wash. 523, 36 Pac. 470; *State v. Coates,* 22 Wash. 601, 61 Pac. 726; *Callihan v. Washington Water Power Co.,* 27 Wash. 154, 67 Pac. 697, 91 Am. St. 829, 56 L. R. A. 772; *Conover v. Neher-Ross Co.,* 38 Wash. 172, 80 Pac. 281, 107 Am. St. 841; *State v. Spisak,* 94 Wash. 566, 162 Pac. 998.

Evidence of this sort is never, of course, evidence of the fact at issue. It is what is sometimes termed character evidence. Its purpose is to support a witness whose veracity has been attacked, and is to be considered by the jury only as bearing upon the credibility of the witness, and it is always proper for the trial court to call the attention of the jury to its limited purposes.

The rule noted lends support to the ruling of the trial court. This the appellants concede, but they argue that it is wrong in principle, is not in the interests of justice, is contrary to the great weight of authority, and should no longer be followed. But we think we need not now enter upon a defense of the rule. It has been long established, consistently adhered to, and to admit such testimony is now the general practice in the state. Nor do we concede that it is subject to the animadversions the appellants urge against it. On the contrary, it is our opinion that, for the limited purposes for which it can be used, it is not without reason.

[2] The further contention of the appellants is that the error which the trial court committed at the trial was invited by the respondent, and that he is thus not in a position to complain. The circumstance on which the contention is founded is this: The appellants introduced a witness and sought to show by him statements made by the respondent contradictory of his evidence given at the trial. The witness, evidently not comprehending the purport of the questions put to him, answered that he did not hear the respondent make the statements the questions imputed to him. The respondent's counsel on the cross-examination of the witness was more successful. He drew from the witness the statement that the respondent had said to the witness that the accident was the result of the respondent's fault. Had the matter been allowed to stop here, it is possible that the evidence subsequently offered to sustain the witness would not have been admissible. But the appellants were not content with the matter as it then stood. They called other witnesses who testified to similar statements by the respondent. Manifestly, we think, it should not be said that the respond-

ent, by his inadvertence, estopped himself from putting in evidence legitimate to rebut the affirmative evidence on this matter that the appellants themselves introduced.

The order appealed from is affirmed.

TOLMAN, C. J., MITCHELL, and MAIN, JJ., concur.

HOLCOMB, J. (concurring specially)—The rule adopted in *State v. Spisak,* 94 Wash. 566, 162 Pac. 998, and the previous cases followed by the court ought never to have been applied to a party witness testifying in his own behalf. It was contrary to the overwhelming weight of authority in almost every jurisdiction in the Union, with the exception of North Carolina and, possibly, Texas.

Admissions, or declarations against interest, of a party testifying in his own behalf were always admissible, for logical and obvious reasons, as contradictory statements to his sworn evidence to weaken his testimony. Former statements sustaining his testimony are merely self-serving declarations; never considered as corroborative evidence, and, if it were so, as Wigmore states (§ 1127, 2 Wigmore on Evidence, 1st ed.):

"The witness who had repeated his story to the greatest number of people would be the most credible."

In the case note to the report of the Arkansas case of *Rogers v. State,* 88 Ark. 451, 115 S. W. 156, 41 L. R. A. (N. S.) 857, on page 940, the editors of L. R. A. say:

"The situation in respect of admitting in evidence the antecedent consistent statements of an ordinary witness disinterested in the litigation, to corroborate his testimony, is markedly changed when the witness is himself a litigant testifying in his own behalf. A party is not permitted to give in evidence his own

declarations out of court, to bolster up his testimony on the trial.''

A great many cases are cited by the editors in the case note to sustain the above statement.

Public policy should not permit parties to an action to make evidence for themselves by statements out of court, not against, but in furtherance of, their own interest, in the absence of, and without the knowledge of, the opposing parties. *Builders' Supply Co. v. Cox,* 68 Conn. 380, 36 Atl. 797.

So here, I think the rule followed in this case is contrary to good reasoning and public policy.

While contrary to my positive conviction, I feel compelled to concur with the majority, because of the rule which seems to have become well established and to avoid vacillation and unsettling the rule.

I therefore reluctantly concur with the majority.