CARMEN CENTRALE, INC., demandante y apelante, *v.* RAFAEL VÁZQUEZ, demandado y apelado.

No. 6465.—*Sometido:* Noviembre 15, 1934. *Resuelto:* Junio 26, 1935.

*Jaime Sifre, Jr.* y *A. Ortiz Toro,* abogados de la apelante; *M. A.* y *L. A. García del Rosario,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En una acción de interdicto para recobrar la posesión, la demandante Carmen Centrale, Inc., alega que hasta el día 14 de febrero de 1933 tuvo la posesión real y material de una finca de 205 cuerdas de terreno y 75 centésimas de otra, denominada Ortega, sita en el barrio del Pueblo, término municipal de Toa Baja, y que en la referida fecha el demandado Rafael Vázquez, sin conocimiento ni consentimiento de la demandante, penetró en dicha finca, tomando posesión de una parcela de la misma, compuesta de 11 pies de frente por 8 pies de fondo, en lindes por el norte, sur y oeste con la finca Ortega y por el este con la finca Ingenio.

Se alega además en la demanda que la demandante se ha visto privada del disfrute de la referida parcela de terreno, que forma parte de la finca principal, la cual linda por el norte con el Caño del Cocal, por el sur con el camino vecinal de Toa Baja, por el este con terreno del antiguo ingenio San Pedro y por el oeste con terreno de la Hacienda Constancia. Se solicita una sentencia restituyendo a la Carmen Centrale, Inc., en la posesión de la referida parcela y condenando al demandado para que se abstenga en lo sucesivo de penetrar

en dicha porción de terreno y de realizar acto alguno de posesión en la misma.

Practicada la prueba de ambas partes, que consistió en el testimonio de varios testigos y la inspección personal del juez, la corte declaró sin lugar la demanda, con imposición de costas a la demandante, excluyendo honorarios de abogado.

Se atribuyen a la corte inferior cinco errores que se refieren a la apreciación de la prueba, a la declaración de la corte de que ''en vista de todos los hechos y circunstancias la demandante no tuvo la plena posesión de la parcela que se describe en la demanda dentro del tiempo alegado'', a su omisión en no aplicar rectamente ciertas disposiciones del código, al no aplicar a la prueba de la demandante las presunciones establecidas por el artículo 102 de la ley de evidencia en sus apartados 27 y 31, al ignorar los principios de los artículos 21 y 162 de dicha ley, y al desestimar la demanda e imponer las costas a la demandante.

■ La prueba aportada por la demandante es a nuestro juicio deficiente. Es verdad que en la demanda se alega la posesión real y material de la finca Ortega que se describe con sus colindancias, haciéndose constar que la parcela ocupada por el demandado forma parte de dicha finca; pero no se presentó evidencia alguna para probar estas alegaciones que fueron negadas por el demandado en su contestación. Si la descripción de la finca denominada Ortega no ha sido probada, si ignoramos sus linderos y su cabida, no estamos en condiciones de concluir que la parcela en litigio forma parte de la finca referida. Los testigos de la demandante hablan de una finca denominada Ortega y dicen que la parcela forma parte de esa propiedad, pero guardan silencio en cuanto a la descripción y linderos de la finca principal.

■■ La demandante nos dice en su alegato que la prueba demuestra que la parcela que se reclama queda dentro de los límites de la finca Ortega. La demandante parte seguramente de la base de las alegaciones de la demanda. Nosotros tenemos que atenernos exclusivamente a la prueba. Las

alegaciones de la demandante no han sido sostenidas por el testimonio de sus propios testigos, que nada dijeron con respecto a los linderos y cabida de la referida finca Ortega. No es posible declarar acreditado un hecho, tomando como base meras alegaciones, ajenas a toda prueba, sobre todo cuando las mismas han sido específicamente negadas. También dice la demandante que la prueba demuestra de una manera indubitada la posesión de las fincas Ortega e Ingenio y se pregunta si no es natural que siendo como es arrendataria de dichas fincas, surja la presunción de que posee la totalidad del terreno. No estaría desacertada la demandante al formular su juicio si se hubiese probado la posesión de la finca Ortega con sus linderos y colindancias y se hubiese demostrado que la parcela reclamada se encuentra incluída dentro de los límites de la finca referida. Pero en ausencia de esta prueba no cabe aplicar el principio invocado por los abogados de la demandante. Convenimos en que la posesión no requiere la ocupación física de todo el terreno que se considera poseído, porque esto es materialmente imposible. La posesión de un inmueble con sus linderos cubre todo el terreno comprendido dentro de sus límites, cuando no se demuestra que parte de ese inmueble ha pasado a posesión de otra persona. La demandante cita el caso de *McColman* v. *Wilkes,* 51 Am. Dec. 637, de donde copiamos lo siguiente:

"La posesión real se distingue de la posesión implícita antes definida. Significa una ocupación material y continua o el ejercicio de un completo dominio; y esto podría ser, en primer lugar, bien la ocupación de hecho del total que se posee (que generalmente se llama *pedis possessio,* y podría denominarse posesión sustancial); o bien, en segundo lugar, una ocupación de parte en representación del todo, siempre que haya prueba suficiente en cuanto a los límites del área total que se reclama y en circunstancias tales que la ley haga extensiva a dichos límites la posesión de la parte ocupada.

" *       *       *       *       *       *       *

"La dificultad en aquellos casos en que se pretende extender la posesión a más de lo que está a la vista ocupado, estriba siempre en determinar sus límites. Más allá de los límites de su extensión no existe

la posesión, ya sea material o implícita. Dentro de dichos límites la posesión es toda material. La extensión no depende meramente de la prueba sobre los límites dentro de los cuales se alega la posesión, sino con frecuencia de la naturaleza de una reclamación contradictoria y de la consiguiente posesión; y algunas veces se considerará ser más o menos según la persona con quien el poseedor litiga.''

También se cita el siguiente párrafo de *Ramos* v. *Director de Terrenos,* 39 Jurisprudencia Filipina 184, 189, que nos permitimos transcribir:

''La contestación nos la indica la doctrina relativa a la posesión presunta. La regla general es la de que la posesión y el cultivo de parte de un terreno, a título de dueño de todo él, constituye una posesión presunta de todo el terreno si el resto no se halla en posesión adversa de otro. (Barr vs. Gratz's Heirs (1819), 4 Wheat, 213; Ellicott vs. Pearl (1836), 10 Pet., 412; Smith vs. Gale (1892), 144 U.S., 509.) Desde luego hay gran número de excepciones a esta regla, siendo una de ellas la que se refiere, en particular, al tamaño del terreno en controversia, con relación a lo que realmente posee el reclamante. En el presente caso sólo es necesario aplicar la regla general.

''El reclamante tiene un título aparente; ha obrado de buena fe; ha gozado una posesión pública, tranquila, y notoria de parte del terreno, lo suficiente para dar a entender a los vecinos y a todo el mundo que el terreno era para su uso. (Véanse arts. 446, 448, Código Civil.) La posesión, a los ojos de la ley, no significa que haya necesidad de posar los pies en cada metro cuadrado de terreno para que pueda decirse que está uno en posesión. Ramos y su causante cumplieron los requisitos de la ley partiendo del supuesto de que el terreno era agrícola del Estado.''

En lo que se refiere a la excepción relacionada con las dimensiones del terreno, se ha declarado que la posesión de la parte por el todo no se aplica cuando la parcela es demasiado grande. *Paine* v. *Hutchins,* 49 Vt. 314. También ha declarado el mismo tribunal que esta doctrina se aplica cuando la naturaleza de la reclamación y color del título es aparente, pero no cuando el terreno no tiene límites definidos. *Langdon* v. *Templeton,* 28 A. 866, 66 Vt. 173.

En el presente caso, descartando las alegaciones que se relacionan con la finca Ortega, que no han sido probadas,

debemos atenernos exclusivamente a la prueba practicada con respecto a la parcela en litigio. Los testigos de la demandante declaran sobre ciertos actos aislados realizados por la demandante en la parcela referida. La corte inferior no consideró estos actos bastantes para justificar la alegada posesión. Hemos estudiado detenidamente la prueba y no estamos convencidos de que el tribunal sentenciador haya incurrido en los errores que se le atribuyen.

*Debe confirmarse la sentencia apelada.*