[No. 36540.  Department Two.   June 6, 1963.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE HENRY
PITTS, *Appellant*.*

* Reported in 382 P. (2d) 508.

*Milton Heiman,* for appellant.

*Charles O. Carroll* and *William F. West,* for respondent.

DAWSON, J.†—Five counts were laid in King County Superior Court charging George Henry Pitts with crimes against nature, *crimen innominatum,* naming three teenage boys as his victims. The jury found the defendant guilty of the charges as laid in counts 3 and 4, arising from one alleged act, and involving one 14-year-old boy, whom we will hereinafter refer to as the prosecuting witness. Defendant has appealed this conviction.

Appellant predicates error in several assignments which will be considered seriatim.

■ The first assignment questions admission of state's exhibit No. 14, a one-page written statement, signed by the prosecuting witness on October 10, 1961, and witnessed by a police officer. It contains, *inter alia,* the following:

" . . . I wish to add that on or about the 20th or 21st of Sept. he did take me to the boat at the Shilshole Marina and he . . . [details of the alleged criminal act follow]."

Subsequently, on October 26, 1961, at a preliminary hearing in justice court, the prosecuting witness fixed late September or early October as the period within which the criminal conduct occurred. Thereafter, during the trial, the prosecuting witness testified that the criminal act occurred on the 20th or 21st of September (these dates coincide with those stated in exhibit No. 14). During cross-examination, extensive effort was made to impeach him. Numerous excerpts were read from the transcript of the proceedings in justice court. Four times the prosecuting witness was asked the number of times he had discussed his testimony with the prosecuting attorney. Six times he was asked whether the authorities suggested the date testi-

† Judge Dawson is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

tified to, or told him, or showed him a document containing the material dates. Four times he was asked who, or what, refreshed his memory, and once counsel exclaimed: "Don't look at the prosecutor." On October 10, 1961, there was no possibility that the witness foresaw these consequences. The trial court thereupon admitted the exhibit for the limited purpose summarized in *State v. Murley*, 35 Wn. (2d) 233, 238, 212 P. (2d) 801, as follows:

". . . A witness' prior out-of-court statements consistent with his in-court testimony are admissible for the sole purpose of re-establishing the witness' credibility when: (1) his testimony has been assailed (2) under circumstances inferring recent fabrication of his testimony (3) when the prior out-of-court statements were made under circumstances minimizing the risk that the witness foresaw the legal consequences of his statements. . . ."

This exception to the exclusionary rule, that prior out-of-court statements similar to and in harmony with the oral testimony of the witness are inadmissible, is of long standing in our state. As this court stated in *Russell v. Cavelero*, 139 Wash. 177, 181, 246 Pac. 25:

". . . It has been long established, consistently adhered to, and to admit such testimony is now the general practice in the state. Nor do we concede that it is subject to the animadversions the appellants urge against it. On the contrary, it is our opinion that, for the limited purposes for which it can be used, it is not without reason."

*State v. Spisak*, 94 Wash. 566, 162 Pac. 998; *State v. Murley*, *supra*; *State v. Wolf*, 40 Wn. (2d) 648, 245 P. (2d) 1009.

The record, as summarized above, supports the court's ruling. The testimony of the witness was assailed by the numerous excerpts read from the transcript. Repetition adds stature to imputations and insinuations and may well infer recent fabrication. The trial court saw and heard the live performance; it was in a position to weigh any innuendoes and nuances, and it admitted the exhibit for the limited purpose stated. We cannot say that this discretion was abused.

Therefore, this assignment is without substance.

■ Appellant has also challenged instruction No. 14A as improper. It cautions the jury that exhibit No. 14 was admitted for the sole purpose of reestablishing the credibility of the witness, which had been assailed, and that the exhibit should be received and considered for that limited use. Because the exhibit was admitted, it was essential that its limitations be explained; otherwise, appellant would have been prejudiced. Thus, there is no merit to this assignment.

■ Error is next assigned to the court's failure to admit exhibit No. 15, and to its failure to permit counsel to read the exhibit, or portions of it, to the jury during argument. This was a transcript of the proceedings in the justice court. It was used extensively, as we have indicated, to impeach the prosecuting witness. However, the prosecuting witness admitted the accuracy and correctness of such prior testimony. He was thereupon impeached. The transcript was, therefore, neither necessary nor admissible. *Quayle v. Knox*, 175 Wash. 182, 27 P. (2d) 115; *Ewer v. Johnson*, 44 Wn. (2d) 746, 270 P. (2d) 813; *Blackburn v. Groce*, 46 Wn. (2d) 529, 283 P. (2d) 115. This being so, it would have been improper to read from it during argument.

Appellant's defense, in addition to categorical denials, was an alibi. His remaining assignment of error is that he was deprived of this defense, because the case was submitted in the indefinite language "on or about the 21st day of September, 1961."

We have adhered to the rule that, when a precise time is fixed by the evidence, as is the usual case, and the defense is alibi, then the time element becomes a material one and the jury must be instructed that a verdict of guilt must be buttoned to the exact time as fixed by the evidence. *State v. Mode*, 57 Wn. (2d) 829, 360 P. (2d) 159; *State v. Brown*, 35 Wn. (2d) 379, 213 P. (2d) 305; *State v. Coffelt*, 33 Wn. (2d) 106, 204 P. (2d) 521; *State v. Severns*, 13 Wn. (2d) 542, 125 P. (2d) 659; *State v. Morden*, 87 Wash. 465, 151 Pac. 832.

In applying this rule, however, the fact that the jury is instructed in the indefinite terms of "on or about" a stated

day, has not disturbed this court, where the state, in fact, relied upon a precise time. Under such circumstances, this court has not reversed per se, but only when misleading instructions, or other circumstances, deprived a defendant of his defense. *State v. Arnold*, 130 Wash. 370, 227 Pac. 505; *State v. Brown, supra*; *State v. Goddard*, 56 Wn. (2d) 33, 351 P. (2d) 159.

The case at bar must be distinguished from the case law cited, because, here, the prosecuting witness was unable to fix the exact time the alleged criminal act was committed. Obviously, in the event of an alibi, the state may not put the time at large for this would put an intolerable burden upon the defendant. But, on the other hand, a defendant should not escape his transgressions merely because the time of commission cannot be fixed in precise terms.

▆ In the instant case, the prosecuting witness testified to one unlawful act and his best recollection during the trial was that such act was committed on either the 20th or 21st of September, 1961. Another witness testified that the unlawful act occurred on the 22nd day of September. Appellant has argued that the court should have submitted to the jury the date of September 20th, and none other. The obvious answer is that this was a question of fact for the jury's determination, not the court's.

The premise that the state need not elect a precise date, when the defense is alibi, finds case support. For example, in *State v. King*, 50 Wash. 312, 315, 97 Pac. 247, this court said:

" . . . The witnesses for the state had fixed the date when the crime was committed as being *between the 12th and 15th day of February, 1907*. . . ." (Italics ours.)

The trial court charged (p. 314):

" ' . . . It does not make any difference, so far as the crime is concerned, if the defendant committed the crime as charged at any time within a period of three years prior to the time the information was filed . . .' "

The case was reversed on the ground that the instruction "was misleading and erroneous in this case because

*the time was definitely fixed by the state*, and the defense of an alibi was based upon that time." (Italics ours.)

In *People v. Brown*, 186 Cal. App. (2d) Supp. 889, 9 Cal. Rptr. 53, the evidence was that the offense was committed *in the latter part of January, 1960*. The court indicated that the period was sufficiently pinpointed to permit the defense of alibi.

In *State v. Johnson*, 20 N. J. Super. Ct. 93, 89 A. (2d) 482, the state narrowed the time of commission to one of two Saturday nights. The court held that the defendant was not deprived of his defense of alibi.

We are now constrained to approve the rule that the state need not, by election, fix a precise time for the commission of an alleged crime, when it cannot intelligently do so. In such case, the defendant will be afforded sufficient time to defend himself and substantiate his defense of alibi. Assignment of error will support a reversal, if, and when, too flexible an application is prejudicial to a defendant. Each case of necessity must rest on its own bottom.

In applying the rule just stated to the case at bar, the following adjunctive circumstances must be considered.

■ In his final argument, the prosecuting attorney categorized the dates as follows:

" . . . but I am stuck with it, the 16th only, and on or about the 20th, which could be the 19th, or the 21st, *on or about the 21st, which could be the 20th or the 22nd . . .* " (Italics ours. The italicized portion refers to counts 3 and 4.) It seems to us that the prosecuting attorney, designedly or not, pinpointed the three dates supported by evidence and obviated error, if any, which might otherwise have arisen from the misleading phrase "on or about."

Appellant filed five affidavits of jurors who sat on the case, each affidavit to the effect that, had appellant offered any alibi testimony covering the afternoon of September 22, he would have been acquitted.[1]

---

[1] We disregard those portions of the affidavits of jurors which tend to impeach their verdict. *Gardner v. Malone*, 60 Wn. (2d) 836, 376 P. (2d) 651.

These affidavits impel the conclusion that the jury was not misled by either the instructions or the arguments of counsel, but held a proper perspective during deliberations. In other words, an alibi for the days of September 20th, 21st, and 22nd, if believed, would have been accepted as an adequate defense.

Was appellant, then, deprived of the constitutional right to present his defense to the jury? He knew months before trial that a more precise time than "on or about the 21st day of September, 1961" would not be selected by the state. After the state presented its case in chief, he knew that the jury, as related to counts 3 and 4, must establish his guilt on one of three days, the 20th, the 21st, or the 22nd of September. His alibi evidence covered this entire period. As it happened, an employer who testified that appellant was elsewhere on September 22nd, on cross-examination retracted as to the afternoon of that date. Appellant then testified that he had worked for a different person on that afternoon, whom he named, but he neither produced this witness, nor asked for additional time, nor offered corroboration for the half day. Obviously, the jury disbelieved his unsupported testimony on that issue.

The vice of appellant's present complaint is that it goes, not to the deprivation of a right, but, rather, to the manner in which appellant exercised his right. Since he was ably represented by counsel, this complaint cannot concern us in our appellate course. Mere failure to corroborate testimony by calling a disinterested witness, has, under the attendant circumstances, no materiality in the consideration of the assignments urged on this appeal. We see no escape from the conclusion that appellant had a fair trial.

We have concluded that the record is sufficient to justify the verdict of the jury; and for the reasons assigned, we have determined that there is no error to support reversal.

The judgment and sentence is, therefore, affirmed.

OTT, C. J., DONWORTH, FINLEY, and WEAVER, JJ., concur.

---

September 9, 1963. Petition for rehearing denied.