[No. 1421-1.   Division One—Panel 2.   March 26, 1973.]

THE STATE OF WASHINGTON, *Respondent,* v. KEITH EVANS PENDLETON, *Appellant.*

*Geoffrey A. Wilson,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *William J. Murphy, Deputy,* for respondent.

WILLIAMS, J.—Keith Evans Pendleton was convicted by a jury of selling cocaine in violation of the Uniform Controlled Substances Act. He appeals from the judgment on the verdict. The sole issue on appeal is whether the trial court erred in permitting rebuttal testimony as to out-of-court statements made by the state's chief witness.

The facts essential to a review are these: The chief witness, Officer Zweiger, testified as to his undercover activities involving the purchase of cocaine from appellant, Keith Pendleton, and a person named Ken Lee. Defense counsel

extensively cross-examined Officer Zweiger about prior meetings and whether or not Officer Zweiger had ever mentioned Pendleton in his official written reports up to that time. A Seattle police detective testified that, while acting as a surveillance unit for Officer Zweiger, he saw Officer Zweiger come out of the house and drive to a pre-arranged meeting place. There, Officer Zweiger displayed a packet of whitish powder, which he said he had purchased.

Seven defense witnesses, including Ken Lee and Pendleton, testified that Pendleton did not reside at the residence and was not present at the transaction about which Officer Zweiger had testified. After the defense had rested, the state called the detective, who, over the objection of the defense, testified to his meeting with Officer Zweiger:

A Officer Zweiger handed me a packet, which has been placed into evidence, stated that it was a packet of suspected cocaine that he had purchased from Keith Pendleton through a boy named Ken. This was on the 7th of the month, the day before the search warrant and the day before the arrest of Mr. Pendleton at the house. He did refer to him by name, Keith Pendleton.

Pendleton contends that the testimony by the detective of out-of-court statements made by Officer Zweiger was improperly admitted. We agree and believe that its admission was prejudicial error, requiring a new trial.

■ The state's position is that the cross-examination of Officer Zweiger and the testimony of the seven defense witnesses so impeached him that the above quoted testimony was properly used to rehabilitate him. The state contends that it showed Officer Zweiger's knowledge, good faith, and state of mind. A prior consistent statement may be admitted for the purpose of rehabilitating a witness when

(1) his testimony has been assailed

(2) under circumstances implying recent fabrication of his testimony

(3) when the prior out-of-court statements were made under circumstances minimizing the risk that the witness

foresaw the legal consequences of his statements. *State v. Pitts,* 62 Wn.2d 294, 296, 382 P.2d 508 (1963). Neither requirements (2) nor (3) were satisfied in this case. There was no suggestion of recent fabrication, and the circumstances of the utterance, which was in the nature of a report by one police officer to another following the commission of a crime, do not tend to minimize the risk that the witness foresaw the legal consequences of his statement.

■ The state urges that the quoted testimony could properly come in on the res gestae rule. At least three of the six essential elements required by *Beck v. Dye,* 200 Wash. 1, 9, 92 P.2d 1113, 127 A.L.R. 1022 (1939) are missing: (1) The statement was a narrative of the sale made in a report to another police officer concerning the commission of a crime in which he had participated as an undercover agent; (2) There was nothing spontaneous or instinctive about it; (3) There was no evidence which would exclude a presumption that the officer deliberately made the statement with the realization that it would form the basis for criminal prosecution against Pendleton and that he would probably be called to testify at the trial.

Further, the state argues that the out-of-court statement is admissible because the declarant was available for cross-examination. *Vanderhoff v. Fitzgerald,* 72 Wn.2d 103, 431 P.2d 969 (1967); *State v. Simmons,* 63 Wn.2d 17, 385 P.2d 389 (1963); Model Code of Evidence rule 502 (1942) are relied upon to support this proposition. Under the facts of this case, those authorities do not do so.

The defense testimony strongly contradicted that of Officer Zweiger. However, a repetition of the substance of his testimony by another who heard him say the same thing at an earlier time is not proper surrebuttal under these circumstances. "A former consistent statement helps in no respect to remove such discredit as may arise from a contradiction by other witnesses." 4 J. Wigmore, *Evidence* § 1127 (3d ed. 1940). The detective's testimony was simply a reiteration of the heart of the state's evidence in chief. The court permitted the state to double the impact of that evi-

dence by permitting it to be repeated through the mouth of another officer. This was prejudicial and reversible error.

The judgment is reversed, and the cause is remanded with directions to grant Pendleton a new trial.

HOROWITZ and CALLOW, JJ., concur.

Petition for rehearing denied May 10, 1973.

Review denied by Supreme Court July 23, 1973.