CARMEN CENTRALE, INC., Plaintiff and Appellant, *v.* RAFAEL VÁZQUEZ, Defendant and Appellee.

No. 6465. Argued November 15, 1934.—Decided June 26, 1935.

*Jaime Sifre, Jr.,* and *A. Ortiz Toro* for appellant. *M. A. García del Rosario* and *L. A. García del Rosario* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

In a proceeding for injunction to recover possession, the plaintiff Carmen Centrale, Inc., alleged that up to the 14th day of February, 1933, it was in actual and material possession of a property of 205.75 acres (*cuerdas*) of land, known as "Ortega," located in the ward of Pueblo, Municipality

of Toa Baja, and that on the date mentioned the defendant Rafael Vázquez, without the knowledge or consent of plaintiff, entered upon such property, taking possession of a portion thereof, having a frontage of 11 feet and a depth of 8 feet, bounded upon the north, south, and west by the Ortega property, and on the east by a property known as "Ingenio."

It was further alleged that plaintiff has been deprived of the use and enjoyment of the aforesaid parcel of land, forming part of the principal property, which is bounded on the north by the Caño del Cocal, on the south by the neighborhood road leading to Toa Baja, on the east by lands of the old San Pedro Sugar Mill, and upon the west by lands of Hacienda Carmen. A judgment was prayed for restoring Carmen Centrale, Inc., to possession of the aforesaid parcel and requiring defendant to abstain in the future from entering upon such parcel of land and from exercising any possessory acts thereon.

After evidence had been introduced by both parties, consisting in the testimony of several witnesses and a personal inspection by the trial judge, the court rendered judgment for the defendant, with costs but without including attorney's fees.

Five errors are assigned which relate to the weighing of the evidence; to the holding of the lower court that "in view of all the facts and circumstances plaintiff did not have full possession of the parcel described in the complaint within the period alleged"; to the failure to apply properly certain provisions of the code; to the failure to apply to plaintiff's evidence certain presumptions established by subdivisions 27 and 31 of section 102 of the Law of Evidence; to the failure to consider the principles established by sections 21 and 162 of that law; and to the dismissal of the complaint and the imposition of costs on plaintiff.

■ The evidence adduced by plaintiff is in our opinion deficient. It is true that the complaint sets up actual, material possession of the Ortega property, which is described

by its boundaries, and it is alleged that the parcel occupied by defendant forms part of such property; but no evidence whatever was presented to prove these allegations, which were denied by defendant in his answer. If the description of the Ortega property has not been shown, if we are not informed as to its boundaries or as to its area, we are in no position to hold that the parcel in litigation forms part of that property. The witnesses for plaintiff speak of a property called "Ortega" and say that the parcel forms part of that property, but they are silent as to the description and boundaries of the principal property.

Plaintiff in its brief asserts that the proof shows that the parcel claimed in this suit is included within the limits of the Ortega property. Plaintiff evidently bases this assertion on the allegations of the complaint. We must confine ourselves exclusively to the evidence. The averments of plaintiff have not been sustained by the testimony of plaintiff's own witnesses, who have said nothing with respect to the boundaries and the area of the property called "Ortega." It is not possible to hold a fact proved, merely upon averments in the absence of proof whatever, especially when the averments have been specifically denied. Plaintiff also says that the evidence shows unmistakably possession of the Ortega and Ingenio properties and asks if it is not natural that, since plaintiff is the lessee of these properties, a presumption should arise that it possesses all the land. Plaintiff would not be mistaken in its opinion if possession of the Ortega property had been shown by its boundaries, and if it had been shown that the parcel in question is included within the boundaries of the principal property. In the absence of such evidence, however, it is impossible to apply the principle invoked by counsel for the plaintiff. We agree that possession does not require physical occupation of all the land claimed to be possessed, because this is a physical impossibility. Possession of real property according to its boundaries covers all the land comprised within such

boundaries, when it is not shown that part of the real property has passed into the possession of another. Plaintiff cites the case of *McColman* v. *Wilkes*, 51 Am. Dec. 637, from which we copy the following:

"Actual possession is contradistinguished from the constructive possession above defined. It means an actual and continuous occupancy or exercise of full dominion; and this may be either, first, an occupancy in fact of the whole that is in possession (which is ordinarily called *pedis possessio*, and may be called substantial possession); or second, an occupancy of part thereof in the name of the whole, where there is sufficient evidence of the bounds of the whole that is claimed as one entirety, and the circumstances are such that the law extends the possession of the part that is occupied to those bounds.

"* * * * * * *

"The difficulty in the cases where possession is claimed to extend to more than is visible occupied, always is to ascertain how far it does extend. Beyond the limits of its extent there is no possession, constructive or actual—within them all is actual. The extent depends not merely on the evidence of bounds, under which possession with a claim is held, but often on the character of a conflicting claim and the possession which attends it; and sometimes it will be considered more or less, according to the person with whom the occupant is litigating."

There are also cited the following extracts from *Ramos* v. *Director of Lands*, 39 Philippine Reports 175, 180:

"The doctrine of constructive possession indicates the answer. The general rule is that the possession and cultivation of a portion of a tract under claim of ownership of all is a constructive possession of all, if the remainder is not in the adverse possession of another. (*Barr* vs. *Gratz's Heirs* [1819], 4 Wheat., 213; *Ellicott* vs. *Pearl* [1836], 10 Pet., 412; *Smith* vs. *Gale* [1892], 144 U. S., 509.) Of course, there are number of qualifications to the rule, one particularly relating to the size of the tract in controversy with reference to the portion actually in possession of the claimant. It is here only necessary to apply the general rule.

"The claimant has color of title; he acted in good faith; and he has had open, peaceable, and notorious possession of a portion of the property, sufficient to apprise the community and the world that the

land was for his enjoyment. (See arts. 446, 448, Civil Code.) Possession in the eyes of the law does not mean that a man has to have his feet on every square meter of ground before it can be said that he is in possession. Ramos and his predecessor in interest fulfilled the requirements of the law on the supposition that the premises consisted of agricultural public land."

With respect to the exception relating to the size of the land, it has been held that possession of a part does not apply when the parcel is very large. *Paine* v. *Hutchins,* 49 Vt. 314. It has also been held by the same court that this doctrine is applied when the nature of the claim and when color of title is apparent, but not when the land has no defined limits. *Langdon* v. *Templeton,* 28 A. 866, 66 Vt. 173.

In the instant case, disregarding the allegations with respect to the Ortega property, which have not been proved, we must confine ourselves exclusively to the evidence introduced with regard to the parcel in litigation. The plaintiff's witnesses testified as to certain isolated acts of plaintiff in the parcel in question. The court below did not consider those acts sufficient to show the supposed possession. We have studied the evidence carefully and we are not convinced that the trial court has committed the errors attributed to it.

The judgment appealed from must be affirmed.