[No. 33462. Department One. July 3, 1956.]

EVERETT A. HOGLAND, *Appellant,* v. JOHN KLEIN *et al.,*
*Respondents.*[1]

[1]Reported in 298 P. (2d) 1099.

*Clarence J. Coleman,* for appellant.

*Leslie R. Cooper,* for respondents.

FINLEY, J.—This appeal involves an action by the plaintiff to recover the contract price for moving a building and a counterclaim by the defendants for damages to the building, occurring during the moving operations.

The plaintiff, Everett A. Hogland, d/b/a Hogland Transfer Company, orally agreed with defendants to move a certain building (owned by defendants) from the Arlington, Washington airport to the defendants' farm. Plaintiff agreed to furnish the timber, dollies, and other equipment necessary to be used in preparing the building for moving for the sum of twenty-five dollars per day. It was agreed that, under the direction of plaintiff's supervising foreman, defendant John Klein and his employees would prepare the building for moving, and that the defendants would pay an additional twenty-five dollars per day for the services of the foreman. In addition, defendants agreed to pay truck hire to plaintiff transfer company for the actual moving of the building in accordance with the rate schedule as established by the public service commission of the state of Washington. Plaintiff and his employees were experienced house movers. Defendant Klein was not.

It was necessary to divide the building into two parts in order to move it. Plaintiff's supervising foreman gave ex-

plicit directions as to the work to be done by Klein and his employees regarding the preparation of the first section of the building for moving. It was moved successfully to Klein's premises. As to the second part of the building, the foreman did not so closely supervise the actual lowering of the building onto two large seventy-five-foot timbers placed upon dollies, but defendant followed the foreman's directions and did as he was told in that regard.

After Mr. Klein and his employees completed preparation of the second part of the building for moving, the plaintiff's employees hooked the section of the building to its truck. After it was moved only a short distance, one of the large seventy-five-foot supporting timbers (furnished by the plaintiff) broke, and the building was practically demolished. At this point, plaintiff's employees apparently abandoned the project. Thereupon, the defendant, using plaintiff's house-moving dollies and certain other equipment of the plaintiff, proceeded with the project and moved the damaged building to his farm.

Thereafter, the plaintiff transfer company commenced this action to recover $1,734.77, alleged to be due under the oral agreement for the use of its equipment and for the services of its supervising foreman. The defendant cross-complained for damages to the building which, allegedly, resulted from plaintiff's negligence. The trial judge, applying the doctrine of *res ipsa loquitur,* held that the defendant was liable and indebted to the plaintiff in the sum of $1,259.77, and disallowed plaintiff's claim for rental of his equipment for the period of several days that it was used by defendant after the accident to the building. He allowed defendant an offset of $900 damages, representing the difference in the value of the building before and after the accident. Judgment was entered for the plaintiff in the sum of $359.79. The plaintiff appealed.

We are of the opinion that the following facts as found by the trial court clearly warrant an application of the doctrine of *res ipsa loquitur* in the case at bar:

"V. That the plaintiff furnished the equipment, including supporting timber, which were, *under the supervision of*

*the plaintiff's foreman,* installed preparatory to moving of the building by the defendant and his employees.

"VI. That after completion of the building for moving by the defendant, under the instructions of the plaintiff's supervising foreman, the plaintiff's employees hooked up the building to the plaintiff's truck and started to move the same and moved the same a short distance when one of the supporting timbers furnished by the plaintiff broke *while under the management and control of the plaintiff's employees,* resulting in damage to the building.

"VII. That the accident would not have happened in the ordinary course of events if the plaintiff or his employees had used reasonable care; *that the plaintiff and his employees had the best opportunity to ascertain the causes of the accident and that the plaintiff has failed to come forward with evidence to explain the cause of the accident."* (Italics ours.)

■ The appellant contends that the facts in the instant case do not warrant an application of the *res ipsa loquitur* rule. He argues that he was not in exclusive control of the timber which broke, causing the damage to the building; but that actually it was the respondent's crew who performed all the work of loading the building onto the timbers and thereafter letting it down on the dollies. However, the requirement, that the offending instrumentality be under the management and control of the defendant or his servants, does not mean *actual physical control* but refers rather to the *right* of control at the time of the accident. Legal control or responsibility for the proper and efficient functioning of the instrumentality which caused the injury and a superior, if not exclusive, position for knowing or obtaining knowledge of the facts which caused the injury, provide a sufficient basis for application of the doctrine. 65 C. J. S. 1017, § 220 (8); 38 Am. Jur. 977, § 300; *Oldis v. La Societe Francaise De Bienfaisance Mutuelle,* 130 Cal. App. (2d) 461, 279 P. (2d) 184; *Taylor v. Reading Co.,* 83 F. Supp. 804.

■ It is our conclusion that the respondent made a *prima facie* case establishing a legal presumption of negligence. Thereafter, it devolved upon the appellant to produce evidence to meet and offset the effect of the presumption. The evidence produced by the appellant did not as a matter of law overcome the presumption, but merely gave

rise to an issue of fact to be determined by the trial court; *Mahlum v. Seattle School Dist. No. 1*, 21 Wn. (2d) 89, 149 P. (2d) 918. The evidence in the record does not preponderate against the trial court's findings that the appellant failed to come forward with evidence explanatory of the occurrence sufficient to meet and offset the effect of the presumption of negligence; consequently, the findings of the trial court will not be disturbed.

■ Now, as to the question of damages. The trial court found that the value of the damaged portion of the building prior to the accident was one thousand dollars; that immediately after the accident its value was one hundred dollars. The trial court also found that the cost of repairing the damaged portion of the building far exceeded its actual value prior to the accident. The court concluded that the proper measure of damages was not the cost of repair but the difference in the value of the building immediately before and immediately after the accident.

The measure of damages adopted by the trial court was in accord with the general rule stated in 15 Am. Jur. 524, § 113, as follows:

"The owner is entitled to recover the entire cost of restoring a damaged building to its former condition unless such cost exceeds its diminution in value as the result of the injury, in which event the recovery must be limited to the amount of such diminution. Under this rule the court should receive evidence both as to the cost of restoring the building and as to the amount of its diminished value, and then adopt as the measure of damages the lesser of the two amounts."

The amount of damages allowed by the trial court in the instant case was proper under the above-stated rule.

Finally, the appellant assigns error to that portion of the trial court's finding of fact No. IX, reading:

" . . . but that the plaintiff is allowed no rental for the use of the equipment after December 13, 1954, the date the job would have been finished but for the accident and defendant is indebted to plaintiff in the sum of $1259.77 being the sum prayed for in the complaint less a credit of $475.00, rental charged for the use of the equipment from December 14, 1954 to January 1, 1955. . . ."

 The appellant takes the position that the respondent, having elected to use the appellant's equipment and to complete the moving of the building after the accident rather than to take the salvage value of the damaged building and to return the rented equipment to the appellant, became liable to the appellant for the rental thereof in the sum of $475, and that the trial court erred in rejecting this item. We do not agree. It must be remembered that the respondent was forced into the dilemma by the negligence of the appellant. After the accident, respondent had the choice of two courses of conduct. He chose the one which seemed the more reasonable to him at the time. The wrongdoer cannot now complain that one alternative rather than the other was chosen. The applicable principles of law are adequately stated in the following texts:

"While it is economically desirable that personal injuries and business losses be avoided or minimized as far as possible by persons against whom wrongs have been committed, yet we must not in the application of the present doctrine lose sight of the fact that it is always a conceded wrongdoer who seeks its protection. Obviously, there must be strict limits to the doctrine. A wide latitude of discretion must be allowed to the person who by another's wrong has been forced into a predicament where he is faced with a probability of injury or loss. Only the conduct of a reasonable man is required of him. *If a choice of two reasonable courses presents itself, the person whose wrong forced the choice cannot complain that one rather than the other is chosen.*" (Italics ours.) McCormick on Damages 133 (Hornbook Series), § 35.

"The party injured is not under any obligation to use *more* than ordinary diligence. Prudent action is required, but 'not that action which the defendant, upon afterthought, may be able to show would have been more advantageous to him.' The amount of care required is not to be measured by '*ex post facto* wisdom'; and the plaintiff is not bound at his peril to know the best thing to do." I Sedgwick on Damages 415 (9th ed.), § 221.

The amount of the judgment entered by the trial court should be the sum of $359.77 rather than $359.79. As modi-

fied in this respect, the judgment of the trial court is hereby affirmed.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and OTT, JJ., concur.

