No. 12476

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

BUSINESS FINANCE CO., INC.,
a Washington Corporation,

        Plaintiff and Respondent,

  -vs-

THE RED BARN, INC., et al.,

               Defendants and Third Party-Plaintiffs
               and Appellants,

  -vs-

CHARLES A. PALMER, JR., et al.,

               Third Party-Defendants and Respondents.

---

Appeal from:  District Court of the Fourth Judicial District,
               Honorable Emmet Glore, Judge presiding.

Counsel of Record:

    For Appellants:

        Larsen and Gliko, Great Falls, Montana
        Dirk Larsen argued, Great Falls, Montana

    For Respondents:

        Garlington, Lohn and Robinson, Missoula, Montana
        Robert E. Sheridan argued, Missoula, Montana
        Worden, Thane, Haines and Williams, Missoula, Montana
        Shelton Williams argued, Missoula, Montana

---

                    Submitted:  September 14, 1973

                    Decided:  NOV 2 6 1973

Filed:  NOV 2 6 1973

_Thomas J. Kearney_
                       Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Defendants Arnold, Leo and Al Gaub bring this appeal from a judgment entered in the district court, Missoula County, dismissing their third party complaint against third party defendants Charles Palmer, Jr. and Ron Wilkerson, and awarding $2,724.95 to plaintiff Business Finance Co., Inc.

The cause was tried to the court sitting without a jury. From the trial record these facts appear: In February 1970 Red Barn, Inc., a Missoula bar and nightclub, leased two cash registers, an adding machine, a filing cabinet and an office chair of the approximate total value of $1,633 from Business Finance Co., Inc. Red Barn, Inc. was then owned by the Gaubs, who signed a guaranty agreement with Business Finance Co., Inc. covering the equipment lease agreement.

In October 1970 the Gaubs entered into an agreement with Palmer under which they agreed to trade businesses -- the Gaubs' Red Barn, Inc. for Palmer's Big Sky Distributing Co. Palmer began operating the Red Barn the same month, but the transaction was not completed until January 1971. It appears that Business Finance Co., Inc. was informed of the transaction in October and, at the request of the Gaubs, prepared forms for an assignment of the lease agreement to Palmer. This assignment of lease agreement was never signed by Palmer, nor did Palmer make any payments on the lease agreement.

The last payment made to Business Finance Co., Inc. on the lease agreement was in October 1970. It appears the equipment remained in use at the Red Barn until June 1971, when Palmer leased the Red Barn to Wilkerson and the equipment was placed in storage at the Red Barn. The equipment was repossessed in February 1972, some seventeen months after the last payment was made.

Business Finance Co., Inc. informed the Gaubs the repossessed equipment would be sold. The Gaubs originally bid $600 but withdrew the bid after seeing the equipment. The equipment was sold at a private sale to Woods Business Machines of Missoula for $300.

Business Finance Co., Inc. sued the Gaubs on the lease guaranty contract for a deficiency judgment. Gaubs filed a third party complaint against Palmer and Wilkerson, claiming assumption of contract and/or quasi-contract. The district court dismissed the third party complaint against Palmer and Wilkerson and entered judgment in the amount of $2,724.95, of which $850 constituted attorney fees, in favor of Business Finance Co., Inc. against the Gaubs.

Appellants Gaub bring four issues on appeal:

1. Whether Palmer assumed the obligation to make the lease payments to Business Finance Co., Inc. under either express or implied contract, thus relieving the Gaubs of their obligation under the lease?

2. Whether Business Finance Co., Inc. failed in its duty to mitigate damages?

3. Whether Business Finance Co., Inc. failed to sell the equipment in a commercially reasonable manner?

4. Whether the attorney fee awarded Business Finance Co., Inc. was unreasonable?

The trial court made these findings of fact which concern the first issue:

> "I. That the purchase of the RED BARN by Third-Party Defendants was evidenced by two written agreements, one dated October 12, 1970, and the other dated January 20, 1971.

> "II. That neither of said written agreements contains any provisions whereby CHARLES A. PALMER, JR. agreed to assume the obligations of the GAUBS and the RED BARN under that certain Lease Agreement between BUSINESS FINANCE CO., INC. and the RED BARN, INC., and guaranteed by the GAUBS, dated February 13, 1970.

- 3 -

"III. That on or about October 15, 1970, CHARLES A. PALMER, JR. refused to execute the 'Assignment and Assumption Agreement' brought to him by ARNOLD A. GAUB, thereby evidencing his intent not to assume and be bound by the obligations of the Lease with BUSINESS FINANCE CO., INC.

"IV. The testimony of ARNOLD A. GAUB when called as an adverse witness clearly established that CHARLES A. PALMER, JR. purchased only the assets of the RED BARN and did not, in fact, purchase the stock of the RED BARN, INC."

These findings of fact are supported by written agreements in evidence and by the transcript of testimony taken at trial.

Even assuming, arguendo, that at some point in time it was the intention of the Gaubs and Palmer to effect an assignment, they were prohibited from doing so by the express terms of the lease contract, without obtaining written consent of the lessor Business Finance Co., Inc. The lessor informed Gaubs that consent would be given only if the Gaubs remained as guarantors on the obligation. The record indicates the "Assignment and Assumption Agreement" was never signed by Palmer, nor was it approved by Business Finance Co., Inc. and that the Gaubs were aware of these facts.

The record also indicates the Gaubs were given several notices during the period that they were in default of payment.

The remedy of quasi-contract is equitable in nature and will not be applied where the party seeking relief has failed to exercise reasonable prudence and diligence under the circumstances. Builders Sup. Co. v. City of Helena, 116 Mont. 368, 154 P.2d 270.

Appellants' second issue--that Business Finance Co., Inc. failed to mitigate damages--is based on the fact it waited seventeen months, during which time the payments were in default, before repossessing the equipment. Again, we refer to the frequent notices of default provided the Gaubs during this period. This was a reasonable effort to avoid losses under the circumstances and should have served notice upon the Gaubs to take some

- 4 -

steps to rectify the situation. Business Finance Co., Inc., the nondefaulting party, was only required to act reasonably under the circumstances, so as to not unnecessarily enlarge damages caused by the default. Hogland v. Klein, 49 Wash.2d 216, 298 P.2d 1099; 25 C.J.S. Damages § 34.

We also find no merit in appellants' third issue that the disposition made of the repossessed property was not "commercially reasonable under the circumstances". Section 87A-9-504, R.C.M. 1947, requires reasonable notice be given the debtor and permits either public or private sale, if commercially reasonable. Here, the record discloses the Gaubs were notified in advance of the sale and given an opportunity to bid on the repossessed items. Appellants' contention that $300 was not a commercially reasonable price is contradicted by the fact they declined to enter a bid in excess of $300.

Section 87A-9-504, R.C.M. 1947, allows the secured party to buy at a private sale only if the collateral is the subject of standard price quotations. While it appears appellants are correct in their contention that these type business machines are not the subject of standard price quotations, nothing appears in the record to substantiate their contention that Woods Business Machines was acting as agent for Business Finance Co., Inc. in making the purchase.

To prove the sale was not commercially reasonable, appellants rely on the fact that one of the repossessed cash registers purchased by Woods Business Machines was later placed on sale to the public for $295. We find this unconvincing because it fails to take into account expenses of preparation for commercial sale or the commercial mark-up common to the particular trade. The price tag represents only an offer to sell and is not conclusive as to value. 29 Am Jur2d, Evidence § 389.

Appellants' fourth issue questions the reasonableness of the attorney fee awarded Business Finance Co., Inc. We find that

under the terms of the lease, Business Finance Co., Inc. was entitled to recover reasonable attorney fees in the event of a breach of contract. Disciplinary Rule 2-106, Cannons of Professional Ethics adopted by this Court, effective May 1, 1973, lists several factors to be considered in determining the reasonableness of a fee. We find the attorney fee granted by the trial court was not unreasonable.

The judgment is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 12476

BUSINESS FINANCE CO., INC.,
A Washington Corporation,

        Plaintiff and Respondent,

vs.

ARNOLD A. GAUB, LEO W. GAUB,
and AL GAUB,

        Defendants, Third-Party
        Plaintiffs and Appellants,

vs.

CHARLES A. PALMER, JR., and
RON WILKERSON, d/b/a THE RED BARN,

        Third-Party Defendants
        and Respondents.

FILED

DEC 12 1973

Thomas J. Kearney

CLERK OF SUPREME COURT
STATE OF MONTANA

O R D E R

PER CURIAM:

Plaintiff's petition for assessment of attorneys fees having been duly considered and it appearing to the Court that pursuant to the lease agreement executed by defendant and appellant, The Red Barn, Inc. and guaranteed by defendants and appellants, Arnold A. Gaub, Leo W. Gaub and Al Gaub, that said defendants and appellants owe to plaintiff and respondent, Business Finance Co., Inc. its reasonable attorneys fees incurred in the above matter; and it further appearing to the Court that such attorneys fees incurred prior to the time of judgment were assessed and awarded within the district court judgment and it is hereby

ORDERED that plaintiff and respondent Business Finance

- 1 -

Co., Inc. is awarded its reasonable attorneys fees incurred since the time of judgment in the above matter in the amount of $500.00 against defendants and appellants, The Red Barn, Inc., Arnold A. Gaub, Leo W. Gaub and Al Gaub and the matter is remanded to the district court to enter judgment for Business Finance, Inc. for said additional attorneys fees together with costs on appeal as are provided by law.

DATED this 12th day of December, 1973.