JUSTICE GRAY
dissenting.
*106 ¶28 I join Chief Justice Turnage’s dissenting opinion and write separately to voice additional concerns about the Court’s analysis.
¶29 “Abandonment” is “[t]he relinquishing of a right or interest with the intention of never again claiming it.” Black’s Law Dictionary 1 (7th ed. 1999). Under this definition, it is clear that the determination of whether abandonment — that is, relinquishment and intent — has occurred is to be made at the time of the acts at issue.
¶30 Montana law on abandonment is in accord. Abandonment of property in the context of the Montana Residential Landlord and Tenant Act is “the absolute relinquishment of the premises consisting of the tenant’s act or omission and intent to abandon.” Johnson v. American Reliable Ins. Co. (1992), 253 Mont. 253, 258, 833 P.2d 176, 180. See also Whalen v. Taylor (1996), 278 Mont. 293, 925 P.2d 462. In different contexts, our definition of abandonment remains the same, the relinquishment of a right with the intention of terminating ownership and not reclaiming future possession. See, e.g., Rumph v. Dale Edwards, Inc. (1979), 183 Mont. 359, 600 P.2d 163; McEwen v. Big Sky of Montana, Inc. (1976), 169 Mont. 141, 545 P.2d 665. Abandonment has occurred when actual acts of relinquishment are accompanied by the intention to abandon. Rumph, 183 Mont. at 373, 600 P.2d at 171. Thus, applying Montana law to the asserted abandonment by Hawkins of his property, Hawkins acted to relinquish his property when he escaped, and his intention to terminate ownership and not reclaim future possession — which clearly can be inferred from his acts of escape — accompanied that act at that time.
¶31 Rather than apply Montana law on abandonment, however, the Court has significantly changed that law by engrafting the notion of a “rebuttable presumption” of abandonment. The introduction of this presumption into the law extends the point in time at which the determination of abandonment is to be made past the confluence of the acts and intent at issue, and effectively turns the question into whether an abandonment can be “revoked” either by subsequent acts of the former owner or by the absence of acts by some other party to reduce the abandoned property to possession with the intent to acquire title. Whatever the wisdom of such changes to Montana jurisprudence in an appropriate case may be, it is my view that they should be left to a case which actually raises them; here, neither party did so in the District Court, the District Court did not do so in the order being challenged and the parties do not do so on appeal.
*107 ¶32 Finally, Herron did not — as the Court states it — "essentially [hold] that intent to abandon property is a conclusive presumption, or an irrebuttable presumption." Rather, the Missouri Court of Appeals applied Missouri law virtually identical to that of Montana— namely, that abandonment is complete upon the confluence of act and intent, with intent subject to being inferred — to the facts of the case before it and held that the inmate’s escape from confinement constituted abandonment of the personal property left behind as a matter of law. Herron, 782 S.W.2d at 416. As the Herron court put it, “[t]he act of escape is unequivocally inconsistent with any intention to retain ownership of property left at the penitentiary.” Herron, 782 S.W.2d at 417.
¶33 I would conclude, under Montana law, that Hawkins abandoned his property when he escaped. I would further conclude that the District Court properly relied on Herron, which largely reflects Montana law. For those reasons, I would affirm the District Court and I respectfully dissent from the Court’s failure to do so.