# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| IN THE MATTER OF THE PERSONAL RESTRAINT OF:<br><br>JASON WAYNE PRIEBE,<br><br>               Petitioner. | DIVISION ONE<br><br>No. 84280-3-I (consol. with Nos. 84281-1-I, 84282-0-I, 84283-8-I, and 84284-6-I)<br><br>UNPUBLISHED OPINION |

DWYER, J. — Jason Priebe sought relief from personal restraint imposed following his 2019 convictions for taking a motor vehicle without permission in the first degree, unlawful possession of a firearm in the first degree, residential burglary, multiple counts of possession of a stolen motor vehicle, and multiple counts of burglary in the second degree.  In an unpublished opinion filed on October 31, 2022, we held that Priebe was entitled to resentencing because the offender scores relied on at sentencing included three convictions for unlawful possession of a controlled substance, convictions invalidated by State v. Blake, 197 Wn.2d 170, 195, 481 P.3d 521 (2021).

The State thereafter requested reconsideration of our decision granting Priebe's personal restraint petition.  The State asserts that Priebe's judgment and

sentence is not facially invalid because the sentence imposed by the superior court remains authorized after excision of the unconstitutional convictions from Priebe's offender score. In light of the November 14, 2022 order issued by our Supreme Court, we agree. Order, In re Pers. Restraint of Richardson, No. 101043-5 (Wash. Nov. 14, 2022).

Because Priebe's personal restraint petition was filed more than one year after his judgment and sentence became final, the petition is time-barred. Accordingly, we deny relief and dismiss the petition.

I

In 2019, Priebe was convicted of taking a motor vehicle without permission in the first degree, unlawful possession of a firearm in the first degree, residential burglary, multiple counts of possession of a stolen motor vehicle, and multiple counts of burglary in the second degree. Priebe's controlling range offender score of 34, calculated at sentencing, included three convictions for possession of a controlled substance. Our Supreme Court's subsequent decision in Blake invalidated all convictions for violations of our State's strict liability simple possession statute.

In May 2022, Priebe filed in the Snohomish County Superior Court a motion to correct his offender score and for resentencing pursuant to Blake. The superior court transferred the motion to this court for consideration as a personal restraint petition. In an unpublished decision filed on October 31, 2022, we granted Priebe's petition for relief and remanded to the superior court for resentencing.

2

The State thereafter filed a motion for reconsideration, requesting that we reconsider our unpublished opinion, deny Priebe's request for relief, and dismiss his personal restraint petition.

II

A personal restraint petition that challenges a judgment and sentence must be filed within one year after the judgment and sentence becomes final. RCW 10.73.090(1). A petitioner bears the burden of showing that his or her petition is timely. In re Pers. Restraint of Quinn, 154 Wn. App. 816, 833, 226 P.3d 208 (2010). Pursuant to RCW 10.73.100(6), the time bar does not apply if the petition is "[1] based on a significant change in the law, [2] which is material to the conviction or sentence, and [3] sufficient reasons exist to require retroactive application of the changed legal standard." In re Pers. Restraint of Ali, 196 Wn.2d 220, 233, 474 P.3d 507 (2020).

Priebe filed the petition at issue here more than one year after his judgment and sentence became final. Thus, the petition is untimely pursuant to RCW 10.73.090(1) unless Priebe can show that (1) the judgment and sentence is facially invalid or was not entered by a court of competent jurisdiction, or (2) an exception pursuant to RCW 10.73.100 applies.

The State asserts in its motion for reconsideration that Priebe's judgment and sentence is not facially invalid for purposes of exempting his personal restraint petition from the one-year time limit on collateral review. This is so, the State contends, because removing Priebe's prior convictions for possession of a

controlled substance from the offender score would not change the applicable standard range sentence.

A recent order issued by our Supreme Court is dispositive. Order, In re Pers. Restraint of Richardson, No. 101043-5 (Wash. Nov. 14, 2022). In that case, Division Two of this court determined that an error in the petitioner's offender score, which included a prior controlled substance conviction, was a facial sentencing defect that exempted the petition from the one-year time limit. In re Pers. Restraint of Richardson, No. 56216-2-II, slip op. at 2-3, (Wash. Ct. App. June 1, 2022) (unpublished),

https://www.courts.wa.gov/opinions/pdf/D2%2056216-2-II%20Unpublished%20Opinion.pdf.

On discretionary review, our Supreme Court held:

> Richardson's judgment and sentence is not facially invalid for purposes of exempting the personal restraint petition from the time limit. Removing from the offender score the prior conviction for attempted possession of a controlled substance reduces the score from 10 to 9, but at a score of 9 Richardson's standard range remains 471 to 608 months. See RCW 9.94A.510 (highest standard range reached at offender score of 9 or more). The superior court imposed a sentence within that range and therefore the sentence was authorized. In this circumstance, the judgment and sentence is not facially invalid. In re Pers. Restraint of Coats, 173 Wn.2d 123, 136, 267 P.3d 324 (2011); In re Pers. Restraint of Toledo-Sotelo, 176 Wn.2d 759, 768-70, 297 P.3d 51 (2013).

Order at 2.

We adopt this as our position.[1]

---

[1] Notwithstanding that our Supreme Court's ruling was set forth in an order of a department of the court, rather than in an opinion of the court, longstanding authority demonstrates that decisions made by a department of the court are nevertheless precedential. See, e.g., State v. Dickens, 66 Wn.2d 58, 401 P.2d 321 (1965); Green Mountain Sch. Dist. No. 103 v. Durkee, 56 Wn.2d 154, 351 P.2d 525 (1960); Hogland v. Klein, 49 Wn.2d 216, 289 P.2d 1099 (1956); State v. Emmanuel, 49 Wn.2d 109, 298 P.2d 510 (1956).

Excising Priebe's prior convictions for possession of a controlled substance from the judgment reduces his controlling range offender score from 34 to 31. However, the applicable standard range sentence remains unchanged. See RCW 9.94A.510. The sentence imposed by the superior court, being within that range, was authorized. Accordingly, Priebe's judgment and sentence is not facially invalid for purposes of exemption from the time limit on collateral review.

We dismiss Priebe's personal restraint petition, which is time-barred pursuant to RCW 10.73.090(1).

Dwyer, J.

WE CONCUR:

Díaz, J.                    Andrus, C.J.