# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| IN THE MATTER OF THE PERSONAL RESTRAINT OF:<br><br>ZACHARY KELLY KIER,<br><br>               Petitioner. | DIVISION ONE<br><br>No. 84073-8-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — Zachary Kier seeks relief from personal restraint imposed following his October 2020 convictions for attempting to elude a pursuing police vehicle, two counts of vehicular assault, and hit and run injury. Kier contends that he is entitled to be resentenced because his offender scores, calculated at sentencing, included two prior convictions for unlawful possession of a controlled substance, convictions that were invalidated by State v. Blake, 197 Wn.2d 170, 195, 481 P.3d 521 (2021). We disagree.

In light of the November 14, 2022 order issued by our Supreme Court, Kier's personal restraint petition is barred by the one-year time limit on collateral review. Order, In re Pers. Restraint of Richardson, No. 101043-5 (Wash. Nov. 14, 2022). Accordingly, we deny the requested relief and dismiss Kier's petition.

I

In October 2020, Kier was convicted of attempting to elude a pursuing police vehicle, two counts of vehicular assault, and hit and run injury. Based, in part, on two prior convictions for unlawful possession of a controlled substance, Kier's offender

scores were calculated as 14 for the attempting to elude and hit and run convictions, and 13 for each vehicular assault conviction. Our Supreme Court's subsequent decision in Blake invalidated all convictions for violations of our State's strict liability simple possession statute.

In April 2022, Kier filed in the Snohomish County Superior Court a motion to correct his offender score and for resentencing pursuant to Blake. The superior court transferred the motion to this court for consideration as a personal restraint petition.

II

A personal restraint petition that challenges a judgment and sentence must be filed within one year after the judgment and sentence becomes final. RCW 10.73.090(1). A petitioner bears the burden of showing that his or her petition is timely. In re Pers. Restraint of Quinn, 154 Wn. App. 816, 833, 226 P.3d 208 (2010). Pursuant to RCW 10.73.100(6), the time bar does not apply if the petition is "[1] based on a significant change in the law, [2] which is material to the conviction or sentence, and [3] sufficient reasons exist to require retroactive application of the changed legal standard." In re Pers. Restraint of Ali, 196 Wn.2d 220, 233, 474 P.3d 507 (2020).

Kier filed the petition at issue here more than one year after his judgment and sentence became final. Thus, the petition is untimely pursuant to RCW 10.73.090(1) unless Kier can show that (1) the judgment and sentence is facially invalid or was not entered by a court of competent jurisdiction, or (2) an exception pursuant to RCW 10.73.100 applies.

Kier asserts that his petition is not time-barred because inclusion of the convictions invalidated by Blake in calculating his offender scores renders the judgment and sentence facially invalid. We disagree.

A recent order issued by our Supreme Court is dispositive. Order, In re Pers. Restraint of Richardson, No. 101043-5 (Wash. Nov. 14, 2022). In that case, Division Two of this court determined that an error in the petitioner's offender score, which included a prior controlled substance conviction, was a facial sentencing defect that exempted the petition from the one-year time limit. In re Pers. Restraint of Richardson, No. 56216-2-II, slip op. at 2-3, (Wash. Ct. App. June 1, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2056216-2-II%20Unpublished%20Opinion.pdf.

On discretionary review, our Supreme Court held:

> Richardson's judgment and sentence is not facially invalid for purposes of exempting the personal restraint petition from the time limit. Removing from the offender score the prior conviction for attempted possession of a controlled substance reduces the score from 10 to 9, but at a score of 9 Richardson's standard range remains 471 to 608 months. See RCW 9.94A.510 (highest standard range reached at offender score of 9 or more). The superior court imposed a sentence within that range and therefore the sentence was authorized. In this circumstance, the judgment and sentence is not facially invalid. In re Pers. Restraint of Coats, 173 Wn.2d 123, 136, 267 P.3d 324 (2011); In re Pers. Restraint of Toledo-Sotelo, 176 Wn.2d 759, 768-70, 297 P.3d 51 (2013).

Order at 2.

We adopt this as our position.[1]

---

[1] Notwithstanding that our Supreme Court's ruling was set forth in an order of a department of the court, rather than in an opinion of the court, longstanding authority demonstrates that decisions made by a department of the court are nevertheless precedential. See, e.g., State v. Dickens, 66 Wn.2d 58, 401 P.2d 321 (1965); Green Mountain Sch. Dist. No. 103 v. Durkee, 56 Wn.2d 154, 351 P.2d 525 (1960); Hogland v. Klein, 49 Wn.2d 216, 289 P.2d 1099 (1956); State v. Emmanuel, 49 Wn.2d 109, 298 P.2d 510 (1956).

Excising Kier's prior convictions for possession of a controlled substance from the judgment nevertheless results in offender scores of 9 or more. Accordingly, the applicable standard range sentence remains unchanged. See RCW 9.94A.510. The sentence imposed by the superior court, being within that range, was authorized. Accordingly, Kier's judgment and sentence is not facially invalid for purposes of exemption from the time limit on collateral review.

We dismiss Kier's personal restraint petition, which is time-barred pursuant to RCW 10.73.090(1).

_Dwyer, J._

WE CONCUR:

_Díaz, J._       _Andrus, C.J._