# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 84527-6-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| WILLIAM DOUGLAS LANCE, | |
| Respondent. | |

FELDMAN, J. — The State appeals a trial court order granting William Douglas Lance's postconviction motion for relief from judgment. Because the trial court's ruling contradicts CrR 7.8(c)(2), which requires that Lance's motion be transferred to this court for consideration as a personal restraint petition (PRP), we reverse.

I

Lance was convicted by a jury of one count of murder in the first degree and was sentenced, with an offender score of 10, to 548 months of confinement on a standard sentencing range of 411-548 months. The judgment and sentence became final in 2009. Approximately 13 years later, Lance filed a motion for relief from judgment arguing that he is entitled to resentencing because the offender score erroneously included a prior conviction for possession of a controlled

substance which is now invalid under *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). In response, the State filed a motion to transfer Lance's motion to the Court of Appeals, arguing that the motion is time-barred under RCW 10.73.900 and must therefore be transferred to this court for consideration as a PRP under CrR 7.8(c)(2).

The trial court initially agreed with the State and entered an order granting the State's motion to transfer, denying Lance's motion for relief from judgment, and transferring Lance's motion to this court for consideration as a PRP as required by CrR 7.8(c)(2). Lance then filed a motion for reconsideration, and the trial court granted that motion. The trial court's order granting Lance's motion for reconsideration states as follows:

> Although the Judgment and Sentence in this case is not facially invalid, as the sentencing range remains the same, Defendant is correct that the judgment and sentence contains a reference to a conviction that was vacated on constitutional grounds. Moreover, Defendant has provided information that within this county, other similarly situated defendants whose score remains a 9+ have been granted resentencing. Considering those facts, and taking into account the interest of judicial economy Defendant's Motion to Reconsider is GRANTED.

Having reconsidered its prior rulings, the trial court this time granted Lance's motion for relief from judgment, denied the State's motion to transfer, and stated, "the Court will conduct a resentencing hearing on a date convenient for the Court and parties." The State appeals.

II

The State's principal argument on appeal is that a trial court cannot properly grant a postconviction motion for relief from judgment under CR 7.8 if, as here, it determines that the motion is time-barred. "We review a trial court's ruling on a

- 2 -

CrR 7.8 motion for abuse of discretion." *State v. Robinson*, 193 Wn. App. 215, 217, 374 P.3d 175 (2016) (citing *State v. Zavala-Reynoso*, 127 Wn. App. 119, 122, 110 P.3d 827 (2005)). "A trial court abuses its discretion by misinterpreting a statute or rule." *Diaz v. State*, 175 Wn.2d 457, 462, 285 P.3d 873 (2012). Because the trial court misinterpreted and misapplied CrR 7.8, we reverse.

The trial court's ruling granting Lance's motion for reconsideration is contrary to both the plain language of CrR 7.8(c)(2) and controlling precedent. In *State v. Molnar*, 198 Wn.2d 500, 497 P.3d 858 (2021), our Supreme Court held as follows:

> Collateral attacks filed in superior court are governed by CrR 7.8, and "when a superior court receives a CrR 7.8 motion, it should follow the CrR 7.8(c) procedures." *State v. Waller*, 197 Wash.2d 218, 220, 481 P.3d 515 (2021). CrR 7.8(c)(2) provides,
>
> > The court shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing.
>
> Therefore, *if the superior court determines that the collateral attack is untimely, then the court must transfer it to the Court of Appeals without reaching the merits*.

198 Wn.2d at 508-09 (emphasis added). In *State v. Frohs*, 22 Wn. App. 2d 88, 511 P.3d 1288 (2022), this court similarly held, "CrR 7.8(c)(2) requires transfer of a postconviction motion to this court for consideration as a [PRP] unless the motion is not time barred and 'either the defendant has made a substantial showing of merit or a factual hearing is required to decide the motion.'" *Id.* at 92-93 (*quoting In re Pers. Restraint of Ruiz-Sanabria*, 184 Wn.2d 632, 638, 362 P.3d 758 (2015) (citing CrR 7.8(c)(2)).

Lance's motion for relief from judgment is a collateral attack, not a direct appeal, because it was filed approximately 13 years after his judgment and sentence became final in 2009. The trial court here concluded that Lance's "motion is time barred by RCW 10.73.090," that Lance had not made a substantial showing of merit, and that resolution of Lance's motion will not require a factual hearing. Having so concluded, the court was *required* by the mandatory language in CrR 7.8(c)(2), *Molnar*, and *Frohs* to transfer Lance's motion to the court of appeals without reaching the merits. The trial court abused its discretion when it failed to transfer the motion to this court and instead agreed to reach the merits of the motion at an upcoming resentencing hearing.

Lance argues, as he did in the trial court, that his motion for relief from judgment is not time-barred because two exceptions to the one-year time limit on collateral review under RCW 10.73.090 apply here: (1) the judgment and sentence is invalid on its face (*see* RCW 10.73.090(1)); and (2) the *Blake* decision is a significant change in the law that is material to his sentence (*see* RCW 10.73.100(6)). Both arguments are contrary to our Supreme Court's recent order in *In re Personal Restraint of Richardson*, 200 Wn.2d 845, 525 P.3d 939 (2022). The court there held that a PRP challenging a sentence on the basis that the offender score erroneously included a prior conviction for attempted possession of a controlled substance—a conviction now invalid under *Blake*—"is not facially invalid for purposes of exempting the [PRP] from the [one-year] time limit" on collateral review under RCW 10.73.090(1). 200 Wn.2d at 847. That was so, the court reasoned, because "[r]emoving from the offender score the prior conviction

for attempted possession of a controlled substance reduces the score from 10 to 9, but at a score of 9 Richardson's standard range remains 471 to 608 months. . . . The superior court imposed a sentence within that range and therefore the sentence was authorized." *Id.* (internal citation omitted).

The same reasoning and result in *Richardson* also apply here. Lance conceded below, and we agree, that his "standard range remains unchanged" (411-548 months) even after excising the prior conviction subject to *Blake*. The trial court similarly concluded, "the sentencing range remains the same." It necessarily follows under *Richardson* that the trial court's sentence within that range was authorized and that the judgment and sentence is not facially invalid for purposes of exempting Lance's motion for relief from judgment from the one-year time limit on collateral review under RCW 10.73.090(1). And because *Blake* does not affect the sentencing range applicable to Lance, and the trial court's sentence is and remains "authorized" under *Richardson*, the *Blake* decision is not material to Lance's sentence (*see* RCW 10.73.100(6)). Thus, these exceptions to the one-year time limit on collateral review do not apply here.

Lance asserts we should not follow *Richardson* because it "was decided by five justices through an order and without the typical merits briefing and argument that usually precede a significant decision." This argument fails for two reasons. First, we expressly adopted the Supreme Court's order in *Richardson* "as our position" in *In re Personal Restraint of Taylor,* No. 84036-3-I, slip op. at 4 (Wash. Ct. App. Jan. 23, 2023) (unpublished), http://www.courts.wa.gov/opinions/pdf/840363.pdf. While *Taylor* is an

unpublished opinion, we may properly cite and discuss unpublished opinions where, as here, doing so is "necessary for a reasoned decision." GR 14.1(c). We adopt the reasoning of *Taylor* as set forth therein. <u>Second</u>, as we noted in *Taylor*, longstanding authority demonstrates that decisions made by a department of our Supreme Court are precedential. *See, e.g., State v. Dickens*, 66 Wn.2d 58, 401 P.2d 321 (1965); *Green Mountain Sch. Dist. No. 103 v. Durkee*, 56 Wn.2d 154, 351 P.2d 525 (1960); *Hogland v. Klein*, 49 Wn.2d 216, 289 P.2d 1099 (1956); *State v. Emmanuel*, 49 Wn.2d 109, 298 P.2d 510 (1956) (cited in *Taylor*, 84036-3-I, slip op. at 4, n.1).

The trial court's reasoning is similarly flawed. While the judgment and sentence, as the trial court noted, contains a reference to a conviction that is now invalid under *Blake*, Lance's sentencing range remains the same under *Richardson* when that reference is excised. Regarding the trial court's observation that "other similarly situated defendants whose score remains a 9+ have been granted resentencing," one of the appellate opinions cited by Lance in his motion for reconsideration was reversed by the Supreme Court in *Richardson* and the other opinion involves a direct appeal rather than collateral review. Contrary to the trial court's ruling, there is no "judicial economy" exception to the mandatory transfer provision in CR 7.8(c)(2) that would allow resentencing here.

III

Applying *Richardson*, as we must, Lance's motion for relief from judgment is time-barred. Under CrR 7.8(c)(2) and controlling precedent, the trial court was required to transfer the motion to this court for consideration as a PRP without

reaching the merits.  The trial court's contrary ruling is reversed, and the matter is remanded to the trial court to comply with the requirements of CrR 7.8(c)(2).

Feldman, J.

WE CONCUR:

Coburn, J.

Hazelrigg, ACJ